229 So.2d 920

**Hilda CARR, Richard Carr and Rudolph Douglas Burke**

**v.**

**Roosevelt SAMUELS, a Minor by his next friend, Bennie Samuels.**

**5 Div. 849.**

Supreme Court of Alabama.

Aug. 21, 1969.

Rehearing Denied Jan. 22, 1970.

Russell, Raymon & Russell, Tuskegee, for appellants.

Gray, Seay, Langford & Pryor, Montgomery, for appellee.

HARWOOD, Justice.

Suit below was by Roosevelt Samuels, a minor suing by Bennie Samuels, as next friend. The complaint was in one count and claimed damages for injuries allegedly suffered by Roosevelt Samuels while in the employment of the three named defendants, Hilda Carr, Richard Carr, and Rudolph Douglas Burke.

A jury trial resulted in a verdict in favor of the plaintiff against the three defendants, damages being assessed at $7,500.00.

The defendants' motion for a new trial was timely filed and overruled on 30 May 1967.

On 7 July 1967, the defendants filed a notice of appeal, and on that day filed what is captioned an "Appeal Bond." This in-

strument is in tenor a purported supersedeas bond. The opening paragraph reads:

"KNOW ALL MEN BY THESE PRESENTS that we, Hilda Carr, Richard Carr, and Rudolph Douglas Burke, as principals and as sureties each for the other, are held and firmly bound unto Roosevelt Samuels the sum of $15,000, for the payment of which, well and truly to be made, we bind ourselves, and each of us, our heirs, executors and administrators, jointly, severally and firmly by these presents, and as part of this undertaking we hereby waive all our rights of exemption to personal property under the Constitution and Laws of the State of Alabama."

The condition upon which the instrument becomes operative reads:

"Now, therefore, the condition of the foregoing obligation is such, that if the said Hilda Carr, Richard Carr, Rudolph Douglas Burke, shall prosecute their said appeal to effect, and satisfy such judgment as the Supreme Court may render in this case, then the said obligation to be null and void, otherwise to remain in full force and effect.

"Witness our hands and seals this 7th day of July, 1967.

/s/ Mrs. Hilda Carr          (L.S.)

/s/ Richard Carr             (L.S.)

/s/ Rudolph Douglas Burke (L.S.)

"APPROVED:

/s/ Hunter Slaton

"CLERK OF THE CIRCUIT COURT OF MACON COUNTY, ALABAMA FILED: July 7, 1967."

The transcript of the record was filed in this court on 4 March 1968, within the time permitted for filing by extensions of such time granted by the lower court and by this court.

On 14 May 1968, the appellee (plaintiff below) filed in this court a motion to dismiss the appeal for want of a sufficient appeal bond. The motion sets forth that the purported appeal bond was executed by the appellants (defendants below); who purported to act as principals, and as sureties for each other.

The appellants did not respond to this motion in anywise, nor so far as disclosed by this record was any effort made to file a sufficient bond.

On 19 November 1968, this casue was argued and "submitted on motions and merits."

We must first consider the motion to dismiss, for if well taken, the appeal must be dismissed.

The Code sections pertinent to this review are Sections 792, 793, and 806, Title 7, Code of Alabama 1940, which are as follows:

§ 792. "An appeal may be taken without giving bond to supersede the execution of the judgment or decree, by the appellant giving security for costs of such appeal, to be approved by the clerk, register, or judge of probate; the names of the surety or sureties to be certified with the record to the appellate court; and execution may issue against such sureties for the costs in such court and the costs of the transcript, if decided against the appellant.

\*    \*    \*    \*    \*    \*

§ 793. "When the judgment or decree is for the payment of money only, the appeal does not operate as a supersedeas, or to stay or suspend the execution of such judgment or decree (except in such cases as are otherwise provided), unless bond be given by the appellant, or some other person, in double the amount of the judgment or decree, including costs, payable to the appellee, with sufficient sureties, and with condition to prosecute the appeal to effect, or, if he fails therein, to satisfy such judgment as the appellate court may render in the premises.

\*    \*    \*    \*    \*    \*

§ 806. "No appeal shall be dismissed for want of a sufficient appeal bond or bond for the costs of the appeal, if the appellant will give a sufficient bond, which bond the clerk of the supreme court, or any member thereof may take and approve, or it may be taken and certified to the appellate court by the judge, clerk, or register certifying the appeal."

■ A reading of the first two sections above shows that sureties are essential both for security for costs, and for a supersedeas bond.

In Davis v. McCampbell, 37 Ala. 609, we find the following:

"M. J. Turnley is the only surety for costs of the appeal to this court. Being a party to the judgment appealed from, the execution by him of the obligation intended as a security for costs is not a compliance with Section 3041 (now Sec. 792, supra), of the Code. There is no security for costs, and the appeal must be dismissed." (Par. ours.)

In Griswold v. Thornton et al., 129 Ala. 454, 30 So. 717, the three parties signing the security for costs, which was taken and approved by the register, were parties to the suit. In dismissing the appeal because of the insufficiency of the security for costs, this court wrote:

"The security for costs in this case being signed by only those who were parties to the suit in the court below, is not in compliance with the requirements of Section 439 (now Section 792, supra), which has been decided by this court to be peremptory. (Par. ours.)

\* \* \* \* \* \*

"As no security for costs was given in compliance with the statute, it follows that the motion to dismiss must prevail."

In Ex parte Talley, 238 Ala. 527, 192 So. 271, it was declared that a security for costs signed only by the parties to the suit "was indeed no 'security' at all \* \* \*"

■ Clearly, therefore, the obligation filed in this case is an intended supersedeas bond, was defective and insufficient as such, nor can it serve as a security for costs. Authorities, supra.

The right of appeal is purely statutory.

■ Unless an appellant be exempted by statute, a condition precedent to taking or perfecting an appeal is that the appellant file with the proper official, within the time prescribed, a sufficient undertaking to secure costs. Gray v. State ex rel. Attorney General, 279 Ala. 333, 185 So.2d 125.

■ Nor do we consider the appellants to be within the saving grace of Section 806, set out above. Appellee's motion to dismiss this appeal was filed on 14 May 1968. It bore certificate of counsel that a copy of the motion was mailed on the same day, postage prepaid, and properly addressed to counsel for appellants. The cause was not submitted in this court until 19 November 1968. No steps were taken by the appellants, so far as disclosed by the record before us, to file a sufficient security for costs of the appeal prior to submission of the cause. In this posture, the motion to dismiss must be granted. Ralston Purina Co. v. Pierce, 265 Ala. 365, 90 So.2d 922.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.