254 So.2d 207 (1971)
STATE of Florida ex rel. Lender Lee MAINES and Charlie B. Brown, Petitioners,
v.
The Honorable Paul BAKER, One of the Judges of the Criminal Court of Record, in and for Dade County, Florida, Respondent.
Nos. 41603, 41609.
Supreme Court of Florida.
October 20, 1971.
Rehearing Denied November 29, 1971.
Phillip A. Hubbart, Public Defender, for petitioners.
Alvin N. Weinstein, Miami, for respondent.
ADKINS, Justice.
This is an original proceeding in mandamus involving the constitutionality of Florida Rules of Criminal Procedure, Rule 3.191 (formerly Rule 1.191), commonly referred to as the Speedy Trial rule, reported in 245 So.2d 33.
Because of the public interest involved and the necessity of a speedy determination, this Court, in its discretion, has dispensed with oral argument. Florida Appellate Rules, Rule 3.10(e), 32 F.S.A.
Petitioners were arrested on December 20, 1970, prior to the effective date of this rule, incarcerated, and have remained in jail without bail.
An information charging petitioners with five counts of robbery and one count of *208 contributing to the delinquency of a minor was filed on March 12, 1971, and the public defender was appointed to represent them. Petitioners were arraigned and entered a plea of not guilty on July 13, 1971.
On September 27, 1971, the last day on which petitioners could be tried under the Speedy Trial rule, a jury panel was sworn in the morning, at which time the Clerk of the Court propounded certain questions and the Court excused certain jurors from service. Neither the prosecuting attorney, petitioners nor petitioners' counsel were present during this proceeding. Subsequently, at 8:30 p.m., during the evening of September 27, 1971, jurors from this panel were called for the trial of petitioners. There was no further oath administered to the jury, but the voir dire examination for the selection of the trial jury proceeded until 11:15 p.m. that night. The panel was exhausted through the use of peremptory challenges and the case was recessed until the following morning.
On the following day, petitioners filed their motion for discharge pursuant to Florida Rules of Criminal Procedure, Rule 3.191. The motion was denied and the Criminal Court of Record held the rule to be unconstitutional. These proceedings resulted and petitioners seek an immediate discharge.
Fla. Const. art. V, § 3, F.S.A. provides:
"The practice and procedure in all courts shall be governed by rules adopted by the supreme court."
The questioned rule merely provides the procedures through which the constitutional right to a speedy trial is enforced in this state, and, as such, is a proper exercise of the Court's constitutional power to promulgate rules of practice and procedure. See State v. Garcia, 229 So.2d 236, 238 (Fla. 1969), where the Court discusses "substantive law" and "procedural law." The rule does not violate the Constitution, but is in full accord with its provisions.
A question arises as to whether trial commenced on September 27, 1971, the last day for trial under the rule. The following provision in the rule seems clear:
"(a) (3). Commencement of Trial. 
A person shall be deemed to have been brought to trial if the trial commences within the time herein provided. The trial is deemed to have commenced when the trial jury panel is sworn for voir dire examination, or, upon waiver of a jury trial, when the trial proceedings begin before the judge." In re Florida Rules of Criminal Procedure, 245 So.2d 33 (Fla. 1971).
It is elementary that a trial jury panel is first sworn before any questions (a voir dire examination) are asked the jurors. It is admitted that the trial jury was sworn and voir dire examination began on the last day. The trial in the case sub judice commenced on September 27, 1971.
The trial judge expresses some concern as to when a trial commences upon waiver of a jury. It is elementary that "trial proceedings begin before the judge" when the defendant and his counsel, together with the prosecutor, appear before the judge for the purpose of presenting the merits of the case.
State v. Melendez, 244 So.2d 137 (Fla. 1971), stating that a trial commences when the trial jury is sworn, did not relate to Florida Criminal Rules of Procedure, Rule 3.191 and was not rendered to interpret this rule. The rule contains its own definition.
The dissatisfaction of the trial judge with the rule in question is adequately expressed in his brief. Some of his questions were answered in State ex rel. Hanks and Seymour v. Goodman, Fla., 253 So.2d 129, opin. filed October 6, 1971.
From the above, it is apparent that the constitutionality of the rule was not before *209 the Court, as the trial had actually commenced within the purview of the rule. Under ordinary circumstances we would not pass upon the constitutional question (Walsingham v. State, 250 So.2d 857 (Fla. 1971)), but this matter is of such importance and the order entered by the trial judge has created such confusion that we feel it necessary to declare the rule constitutional. That portion of the order and opinion of the trial judge rendered September 28, 1971, which declares Florida Rules of Criminal Procedure, Rule 3.191, unconstitutional is expunged from the record.
The alternative writ of mandamus is discharged and the petition for mandamus dismissed, and jeopardy not having been attached, the trial may proceed.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, BOYD and DEKLE, JJ., concur.