PER CURIAM.
This is an appeal by defendant, Lender Lee Maines, from his conviction and sentence for the crime of robbery. Defendant states that following his arrest he filed a petition for a writ of mandamus with the Supreme Court of Florida alleging the failure of the state to comply with CrPR 1.191, 33 F.S.A. On October 1, 1971 ■ the Supreme Court granted an alternative writ of mandamus and ordered the trial judge to show cause why a peremptory writ of mandamus should not issue and further ordered all proceedings stayed in the trial court pending disposition of the petition for writ of mandamus. The Supreme Court, 254 So.2d 207, on October 20, 1971, discharged the alternative writ and dismissed the petition for mandamus.
Without any objection by the defendant the trial proceeded on November 1 through November 3, 1971. Following the close of all the evidence and after the jury returned to its deliberations, the defendant announced that his prior case in the Supreme Court concerning his petition for a writ of mandamus was still pending and that he was filing a timely petition for rehearing. The trial court found that the petition was not timely filed and accepted the jury’s verdict convicting defendant. Judgment and sentence were entered on November 3, 1971 and defendant’s petition for rehearing was filed with the Supreme Court on November 4, 1971. Subsequently, defendant filed a petition for arrest of judgment in the trial court which was denied, and on November 27, 1971 the Supreme Court denied the petition for rehearing.
The trial court’s actions do not constitute reversible error. After the Supreme Court dismissed defendant’s petition for mandamus and before the trial was commenced, defendant did not tell the Supreme Court or the trial court of his intention to file for rehearing. No objection was heard by defendant until the jury began deliberating. It seems that defendant proposed to wait and see how his trial proceeded, and only if the end result looked to be unfavorable would he attempt to- file his petition for rehearing in the Supreme Court. Defendant had a fair day in court and was duly found guilty by the jury and sentenced by the judge. Other points raised on appeal by defendant have been considered and found to be devoid of merit.
No reversible error having been made to appear, the judgment and sentence appealed are affirmed.
Affirmed.