This case concerns the sufficiency of a bond for costs in order to perfect an appeal from a district court civil judgment to the circuit court.
On March 3, 1982 the district court rendered a judgment in the amount of $2,671.09 in favor of Dr. Thornburg and against Mr. Hand. Nine days later, upon a form authorized and promulgated by the Administrative Office of Courts, Mr. Hand gave notice of appeal to the circuit court from such judgment. The following was contained at the bottom of that form:
"SECURITY FOR COSTS
 "We acknowledge ourselves security for costs of appeal. We hereby waive our right of exemption as to personal property under the Constitution of the Laws of Alabama.
"Date Executed 3-12, 1982
"Date Filed March 12, 1982
 s/ Kyle Lansford
Signature of Clerk/Register
 s/ George M. Higginbotham
Signature of Appellant Attorney
 s/ Lloyd W. Hand
Signature of Surety
 s/ Jane Higginbotham
Signature of Surety"
Except for the dates and four signatures, the balance of the form was printed. As to the three signatures appearing on the right side thereof, the top signature thereon was that of Mr. Hand's attorney. Mr. Hand printed his name on the middle line and the bottom signature is apparently the signature of the attorney's wife.
Dr. Thornburg filed a motion to dismiss the appeal upon the primary ground that it was improperly taken in that no legally sufficient bond for costs was given or filed in the cause. The learned trial court granted that motion.
It is essential that we discuss those essential requirements of an appeal from a civil judgment of the district court (other than from a small claims judgment) to the circuit court. First, the party taking the appeal must pay the docket fee for the new filing in the circuit court or be excused from such payment because of substantial hardship. §§ 12-19-70 and -71, Code 1975; Rule 7, Alabama Rules of Judicial Administration. Second, in order to perfect his appeal to the circuit court, it was necessary that Mr. Hand file in the district court a notice of appeal within fourteen days from the date of the judgment, or of the denial of any post-trial motion, "together with security for costs as required by law or rule." § 12-12-70 (a), Code 1975. No security for *Page 469 
costs as to such appeals is provided by statute, but, by rule 62 (dc)(5), Alabama Rules of Civil Procedure, the appealing party is, thirdly, required to file a "bond for costs or affidavit of substantial hardship, approved by the court, in lieu of said bond." That is the entire and sole provision as to any security for costs as to such an appeal. That bond for costs means that security is required for all of the costs of appeal, including those incurred in the district court and not just the costs in the circuit court. Clary v. Cassels, 258 Ala. 183, 61 So.2d 692 (1952). Oddly enough, there is no requirement that the bond for costs be approved by any court official. Neither is there a saving clause as to such bond for costs as exists in the Alabama Rules of Appellate Procedure, which have no application to an appeal from the district court to the circuit court.
Here, the circuit court docket fee was paid by Mr. Hand and his notice of appeal was timely filed. The question before us is whether the bond, as executed, was sufficient. It is Dr. Thornburg's contention, through an exceptionally scholarly brief filed by his counsel, that the bond was faulty since Mr. Hand signed as his own surety and not as the principal thereon, citing Carr v. Samuels, 285 Ala. 170, 229 So.2d 920 (1970). He also contends that there is a vast difference between a "bond for costs" and "security for costs," but no citation of Alabama authority is given as to any distinction in those two terms. Our research has revealed no definition of either term by an Alabama court. 21 Ala. Digest, Words Phrases.
"Security for costs" is defined as the "[p]ayment into court in the form of cash, property or bond by a plaintiff or an appellant to secure the payment of costs if such person does not prevail. . . ." (Emphasis supplied). Black's Law Dictionary 1217 (5th ed. 1979). A cost bond or bond for costs is therein defined to be "a bond given by a party to an action to secure the eventual payment of such costs as may be awarded against him. A bond which may be required of an appealing party in a civil case. . . ." Black's Law Dictionary 313 (5th ed. 1979). At a time when title 7, section 792 of the Code of Alabama 1940 required that an appeal be taken by the appellant giving "security for costs," the supreme court repeatedly referred to such security as being an "appeal bond." Dollar v. McKinney,267 Ala. 627, 103 So.2d 785 (1958); McKinstry v. Thomas,258 Ala. 690, 64 So.2d 808 (1953).
Any historical difference between those two legal terms, security for costs and bond for costs, is hardly applicable to rule 62 (dc)(5), A.R.Civ.P. under prevailing legal procedural philosophy in Alabama. Myriad changes have been made in the past decade in an attempt to eliminate, or soften the effect of, ultra technical rules of civil trial and appellate procedures thereby striving for a just, speedy and inexpensive determination of each civil action upon its merits. While those revolutionary changes have not always accomplished their laudable goals, we do not believe that the supreme court had in mind any highly refined distinction between a "bond for costs" and "security for costs" when rule 62 (dc)(5) was adopted. Further, § 12-12-70 (a), Code 1975, uses the term "security for costs." Mr. Hand's use of the form developed by the Administrative Office of Courts was in compliance with that supreme court rule. A bond for costs is filed to secure the payment of the costs and that is exactly what the instrument here did.
"The appeal bond need not be signed by the parties appellant. All that is necessary is security for the costs." Dollar v.McKinney, supra; McKinstry v. Thomas, supra. If Mr. Hand was not required to sign the bond in the first instance, the fact that he signed it as surety rather than as principal did not void that undertaking and was an inadequate ground for the dismissal of his appeal, for there remained two sureties thereon, his attorney and the attorney's wife, and there is no contention that either of them was financially inadequate as security on that bond for costs. The requisite bond for costs was provided by the executed instrument here in question. The hardworking and studious trial court erred in *Page 470 
dismissing Mr. Hand's appeal. We must reverse.
Dr. Thornburg's motion to dismiss Mr. Hand's appeal to this court is overruled.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.