This case concerns whether a bond for costs must be filed in order to perfect an appeal to the circuit court from a district court civil judgment.[1]
The district court rendered judgment for $650 against the defendant, who promptly filed notice of appeal to the circuit court and paid the docket fee for the new filing in the circuit court. However, she did not file a bond for costs and the plaintiff moved to dismiss the appeal because of the lack of such bond. The circuit court granted the plaintiff's motion and dismissed the defendant's appeal to that court. Hence the present appeal to this court by the defendant.
In civil cases which are appealed from a district court to the circuit court, section 12-12-70 (a), Code 1975, requires that notice of appeal be filed within the required time "together with security for costs as required by law or rule."
 "No security for costs as to such appeals is provided by statute, but, by rule 62 (dc)(5), Alabama Rules of Civil Procedure, the appealing party is . . . required to file a `bond for costs or affidavit of substantial hardship, approved by the court, in lieu of said bond.' That is the entire and sole provision as to any security for costs as to such an appeal. That *Page 1098 
bond for costs means that security is required for all of the costs of appeal, including those incurred in the district court and not just the costs in the circuit court. Clary v. Cassels, 258 Ala. 183, 61 So.2d 692 (1952)."
Hand v. Thornburg, 425 So.2d 467 (Ala.Civ.App. 1982). In that case it was held that a particular security for costs was sufficient to comply with the statute and rule and that a cost bond was one of the three requirements to be met in order to perfect an appeal in a civil case from the district court to the circuit court. In the instant case the defendant filed no bond for costs.
The supreme court, through its rule-making power, has required the filing of a cost bond in such appeals. There is no such rule in criminal appeals, hence the holding in Ex parteBuckner, [Ms. Dec. 30, 1982] (Ala. 1982), is inapplicable to the present case.
The Alabama Rules of Appellate Procedure require a dismissal of an appeal only when the notice of appeal is not timely filed and those rules further provide that appeals may be dismissed for a substantial noncompliance therewith. Rule 2 (a), A.R.A.P. The appellate procedural requirements may be suspended by an appellate court except as to the time for taking an appeal. Rule 2 (b), A.R.A.P. Thus, the failure to file security for costs under A.R.A.P., rule 7, in a civil appeal to an appellate court is not jurisdictional. Holt v. State, 361 So.2d 348 (Ala. 1978). However, the rules of appellate procedure do not apply as to civil appeals to the circuit court from the district court. Rule 1, A.R.A.P. The Alabama Rules of Civil Procedure have no similar saving provisions as are stated in rule 2 of the Alabama Rules of Appellate Procedure.
We, therefore, conclude that if an appellant in a civil case fails to file security for costs in an appeal from the district court to the circuit court, a jurisdictional defect in the appeal is thereby created and the appeal is subject to being dismissed by the circuit court on that account.
We affirm the judgment of the circuit court.
The appellant's request for an attorney's fee on appeal is denied, such being unauthorized by law.
We deny the appellee's motion to dismiss the present appeal.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.
[1] In this opinion when the terms "security for costs," "cost bond," "bond for costs" or similar phrases are used, we also include therein the authorized alternative therefor, which is an "affidavit of substantial hardship, approved by the court, in lieu of said bond." Rule 62 (dc)(5), A.R.Civ.P.