This appeal is from a circuit court judgment which dismissed the defendant's appeal from a final judgment of the district court.
After the district court had granted the plaintiff's motion for a summary judgment and had rendered judgment against the defendant for $3,294, the defendant timely filed his notice of appeal to the circuit court and paid the fee for docketing an appeal from the district court to the circuit court. However, the defendant did not file any bond for costs. The plaintiff filed a motion to dismiss this appeal for lack of such cost bond, and the circuit court dismissed the defendant's appeal on that ground.
The defendant had represented himself in the district court and in the circuit court, until an appeal was taken on his behalf to this court. The authorities cited to us by learned counsel for the defendant are Scott v. Kimerling, 417 So.2d 204
(Ala.Civ.App. 1982) and Opinion Number 16 of the Clerk of the Supreme Court, 362 So.2d 1259 (Ala. 1978). However, neither of those decisions really determined whether a bond for costs is required in order to perfect a civil appeal to the circuit court from a district court final judgment.
We affirm upon the authority of Hardeman v. Mayfield,429 So.2d 1097 (Ala.Civ.App. 1983); Hand v. Thornburg,425 So.2d 467 (Ala.Civ.App. 1982) and Rule 62 (dc)(5) of the Alabama Rules of Civil Procedure together with the committee comments as to *Page 53 
that rule. The Hand case held that the three requisites for the taking of an appeal in civil cases from the district court to the circuit court are the timely giving of a notice of appeal, the payment of the docket fee for the new filing in the circuit court and the filing of a bond for costs.[1] The supreme court denied certiorari in that case. We will not burden this decision by quoting from or summarizing the Hardeman opinion; however, we emphasize that the present case is on all fours with Hardeman.
The judgment of the circuit court is affirmed.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.
[1] A docket fee may be waived initially because of substantial hardship if the appellant signs a verified statement and court approval is obtained. § 12-19-70 (b), Code of Alabama 1975. An affidavit of substantial hardship, if approved by the trial court, may substitute for a bond for costs. Rule 62 (dc)(5), A.R.Civ.P.