This is an appeal from a dismissal by the circuit court of an appeal to that court *Page 152 
from a probate court decree on a final settlement of an estate. Appellant Warren L. Finch filed his appeal with the clerk of the circuit court within the required time, but did not pay the filing fee until after the time limit had expired.
Code 1975, § 43-2-354, governs the notice and hearing in the probate court on disputed claims against estates. This section also grants an appeal to circuit court from a probate court decree but does not specify the procedure for the appeal. The appeal must be taken within 30 days.
Code 1975, §§ 12-22-20 and -21, grant the general right to take an appeal from probate to circuit court. Neither statute provides for the procedure to be followed in taking the appeal. Section 12-22-21 (5) gives 42 days to appeal from a judgment on a final settlement of an estate.
Appellant Warren L. Finch ("Finch") and appellee Richard Inge Finch, the executor of the estate of John Edward Luenberg (hereinafter "the estate" when referred to as a party) are two of four brothers who take equally under the will of their deceased uncle Luenberg. The probate court records are not before us, but it appears that Luenberg died in 1979 and his will was probated in that year. Finch asserts that disputes arose during the administration of the estate, with him and at least one of the other brothers contesting Richard's accounting and disbursement of funds and contending that he had received substantial advancements.
It is not apparent from the record whether Finch filed a claim against the estate as provided in § 43-2-354. Because the decree is upon a final settlement, we think the longer appeal time of § 12-22-21 (5) would apply. This is not actually at issue, however, because the notice of appeal was filed 30 days after the judgment but the filing fee was not paid until more than 42 days after the judgment. The probate court entered its decree on January 30, 1984. On February 15 the probate court on its own motion amended the decree nunc pro tunc to correct clerical errors. The original decree had recited that Finch's interest was subject to a tax lien and the amended decree changed some of the wording relative to the interest of the United States Government under the tax lien.
On February 29, 1984, Finch filed in the probate court a notice of appeal to the circuit court from the judgment entered on January 30. He was not represented by an attorney at the time. On March 5 he filed a jury demand. On April 9 the estate filed a motion to strike the jury demand and a motion to dismiss the appeal. The latter motion recited as grounds that Finch had not paid his filing fee on appeal within the time prescribed by law, had not designated a record for review or prosecuted his appeal actively, and had appealed from the January 30 order which was rendered null and void by the order amending it in toto on February 15.
The circuit court granted the motion to dismiss on May 1. Finch, represented by an attorney for the first time, filed on May 31 a motion to reconsider the order dismissing the appeal. The motion recited the following grounds:
 "2. The only jurisdictional requirement to properly perfect appeal is to file timely notice, such notice being filed by Warren L. Finch.
 "3. With the notice of appeal, Warren L. Finch properly filed a security for costs that is provided for by Section 12-22-25, Code of Alabama, 1975.
 "4. At the time of the filing of the notice of appeal, the amount of the filing fee was undetermined by the Circuit Court, and the clerk of the Circuit Court received such notice without demanding such filing fee.
 "5. Warren L. Finch paid such filing fee directly to the Circuit Court.
 "6. Warren L. Finch has diligently prosecuted his appeal.
 "7. The order from which Warren L. Finch took appeal was one described in Section[s] 12-22-20 and 12-22-21, Code of Alabama, 1975, and the appeal was taken in a timely fashion." *Page 153 
The circuit court denied this motion on June 11, 1984, and Finch appealed to this Court.
The only ground of the motion to dismiss which we deem to present a serious question is that raising the failure to pay filing fees. In view of the short time between the filing of the notice of appeal and the filing of the motion to dismiss — forty days — a contention of failure to diligently prosecute an appeal cannot be grounds for dismissing the appeal. The contention that the appeal was taken from a void order does not have merit in these circumstances. An order nunc pro tunc relates back to a prior order to correct non-judicial errors in the prior order; it cannot modify or enlarge the judgment.Campbell v. Beyers, 189 Ala. 307, 66 So. 651 (1914); Wilmerdingv. Corbin Banking Co., 126 Ala. 268, 28 So. 640 (1899). Thus, any error in failing to designate the appeal as being from the later order is de minimis and should not serve as grounds for dismissing the appeal, at least in this case where the notice of appeal was within 30 days of the first order and 14 days of the later order.
The Alabama Rules of Appellate Procedure apply only to appeals to this Court, the Court of Civil Appeals, and the Court of Criminal Appeals. Rule 1, A.R.A.P.; Prine v. Wood,447 So.2d 725 (Ala. 1984). In such cases, the only jurisdictional requirement is the timely filing of notice of appeal with the trial court. Rules 2 and 3, id.
Section 12-19-70 provides for filing fees in circuit court:
 "(a) There shall be a consolidated civil filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed in circuit court or in district court.
"(b) The docket fee may be waived initially and
 taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship. A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court."
Section 12-19-71 gives the schedule of docket fees in circuit and district courts.
Rule 7, Alabama Rules of Judicial Administration, provides that "Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes." The Court of Civil Appeals has held, and the Clerk of this Court has given the opinion, that the filing of an appeal in the circuit court from a district court judgment is an original filing within the meaning of Rule 7 and requires the filing fee prescribed in §§ 12-19-70 and -71. Handv. Thornburg, 425 So.2d 467 (Ala.Civ.App. 1982), cert. denied,425 So.2d 467 (Ala. 1983); Scott v. Kimerling, 417 So.2d 204
(Ala.Civ.App. 1982), cert. quashed, 417 So.2d 204 (Ala. 1982);Opinion of the Clerk No. 16, 362 So.2d 1259 (Ala. 1978).
The Clerk based his opinion on cases establishing that an appeal is a new statutory proceeding in the appellate court.Ohio Cas. Ins. Co. v. Gantt, 256 Ala. 262, 54 So.2d 595 (1951);Anders Bros. v. Latimer 198 Ala. 573, 73 So. 925 (1917); Cookv. Adams, 27 Ala. 294 (1855); Mazange v. Slocum Henderson23 Ala. 668 (1853).
The Court of Civil Appeals has further held that appeals from district to circuit court require timely notice of appeal in the district court, payment of the filing fee in the circuit court, and security for costs or affidavit of hardship as provided in Rule 62 (dc)(5), A.R.Civ.P. Gomillion v. WhatleySupply Co., 446 So.2d 52 (Ala.Civ.App. 1984); Hardeman v.Mayfield, 429 So.2d 1097 (Ala.Civ.App. 1983); Hand v.Thornburg, supra; and Scott v. Kimerling, supra. Section12-12-70, which provides for such appeals, mentions only the notice of appeal and the security for costs.
Gomillion and Hardeman involved the failure to file a bond for costs; Hand involved the adequacy of such a bond. Only inScott does the payment of filing fees appear to have been at issue. In that case, the appellants "refuse[d] to post any bond or pay any money to enjoy [the] right to trial by jury." 417 So.2d at 204. The *Page 154 
Court of Civil Appeals held that the trial court committed no error in dismissing the appeal.
The holding that appeals from district court to circuit court require a filing fee in the circuit court should be extended to appeals from probate court to circuit court. It does not necessarily follow, however, that the circuit court was correct in dismissing the appeal. Nothing in the above-cited authorities establishes that the payment of filing fees in the circuit court within the time allowed for appeal is a jurisdictional requirement for perfecting such an appeal. Section 12-22-25 requires security for costs in appeals such as this one, but specifically states that "the filing of security for costs is not a jurisdictional prerequisite."[1] By the same token, although payment of a filing fee is required, we do not find a jurisdictional defect in this case for failure to pay the fee within the time allowed for the appeal.
Finch filed, along with his notice of appeal on February 29, a security for costs with Travelers Insurance Company as surety. Finch's motion for reconsideration stated that the amount of the filing fee was undetermined at the time of filing the notice of appeal and that the circuit clerk accepted the notice without demanding a filing fee. The motion recited that Finch had paid the filing fee. Finch's brief asserts that he paid the fee on April 9, the same day the estate filed its motion to dismiss. This was fifty-four days after the February 15 amendment of the January 30 final judgment.
In view of the above circumstances and the. lack of any clear precedent that a filing fee was required upon appealing from probate to circuit court, much less that such a fee was jurisdictional, and in view of the practice in the higher appellate courts that only timely notice of appeal is jurisdictional, it was error to dismiss the appeal in the instant case. The judgment of the circuit court is therefore reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.
[1] Culp v. Godwin, 295 Ala. 316, 329 So.2d 88 (1976), held that filing security for costs on appeal from probate to circuit court is jurisdictional, "and upon failure to so file within 30 days of the order, the appeal is subject to being dismissed."295 Ala. at 320, 329 So.2d at 91. This was decided under Code 1940, t. 7, § 782, which did not include the quoted language.