The issue on appeal is whether a bond for costs must be filed in order to perfect an appeal from the district court to the circuit court.
A default judgment was rendered by the district court against the defendant for $2,818.67, plus costs. The defendant timely filed his notice of appeal to the circuit court and paid the docket fee necessary for an appeal from the district court to the circuit court. However, the defendant failed to file a bond for costs and the plaintiff moved to dismiss due to the lack of such bond. This motion was granted by the circuit court. The defendant appeals from the circuit court's order to dismiss.
The defendant contends that the posting of a bond for costs is not a jurisdictional requirement for perfecting an appeal from the district court to the circuit court. He further asserts that the requirement of filing a bond for costs is contradictory to the general body of appellate rules and is contrary to the public policy of Alabama.
We affirm the dismissal by the circuit court on the authority of Gomillion v. Whatley Supply Co., 446 So.2d 52 (Ala.Civ.App. 1984); Hardeman v. Mayfield, 429 So.2d 1097 (Ala.Civ.App. 1983); and Rule 62 (dc)(5) of the Alabama Rules of Civil Procedure. It is clearly the law in this state that the failure to file a bond for costs in an appeal from the district court to the circuit court creates a jurisdictional defect in the appeal, and the appeal is then subject to being dismissed by the circuit court for that reason. Hardeman v. Mayfield, supra.
The judgment of the circuit court is affirmed.
The plaintiff requests that this court add ten percent of the district court judgment as additional costs under § 12-22-72, Code of Alabama 1975. This appeal was brought from the circuit court's dismissal of the appeal and is not an appeal from the moneyed judgment of the district court. Therefore, § 12-22-72
is not applicable and the plaintiff's request is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.