HOLMES, Judge.
This case presents a question concerning the sufficiency of the security for costs given for an appeal from the district court to the circuit court.
The plaintiff brought an action in detinue in the District Court of Madison County to recover an automobile purchased by the defendant at a sheriff's sale. The district court entered a judgment for the plaintiff, and the defendant appealed to the Madison County Circuit Court.
The plaintiff moved to dismiss the appeal on the ground that the defendant had failed to give legally sufficient security for costs of the appeal. The circuit court agreed with the plaintiff and granted its motion to dismiss.
The defendant appeals to this court. We reverse and remand.
Ala. Code (1975), § 12-12-70(a) (1986 Repl.), provides that a party may appeal a final judgment of the district court by filing a notice of appeal “together with security for costs as required by law or rule.”
The Alabama Supreme Court has specified that such security for costs is the appellant’s giving a bond for costs. Rule *845 62(dc)(5), Alabama Rules of Civil Procedure.
It is well established that filing a bond for costs is a jurisdictional prerequisite for perfecting an appeal from the district to the circuit court and that the lack of such a bond requires the dismissal of the appeal. Boudreaux v. House, 479 So.2d 1291 (Ala.Civ.App.1985); Gomillion v. Whatley Supply Co., 446 So.2d 52 (Ala.Civ.App.1984); Hardeman v. Mayfield, 429 So.2d 1097 (Ala.Civ.App.1983).
The issue presented by this case is not whether the defendant filed a bond for costs, for it is undisputed that she did file such a bond. Rather, the question is whether the bond the defendant filed was legally sufficient as security for the costs of the appeal, as required by Ala.Code (1975), § 12-12-70(a), and Rule 62(dc)(5), A.R.Civ.P.
The record reveals that, when the defendant filed her notice of appeal to the circuit court, she also filed an executed “Security for Costs” located on the bottom of the printed notice of appeal form. The defendant executed the security for costs bond by placing her signature on both the line designated for the appellant or attorney and the line designated for the surety.
The plaintiff contends that, because the defendant designated herself as surety on the bond, rather than obtaining another person to act as surety, her bond for costs was defective and that such defect required dismissal of the appeal.
We disagree.
Neither Ala.Code (1975), § 12-12-70(a), nor Rule 62(dc)(5), A.R.Civ.P., specifies any particular requirements that a bond for costs must meet in order to support an appeal from the district to the circuit court. We, therefore, must look to case law to judge the sufficiency of the defendant’s bond for costs.
We find this court’s decision in Hand v. Thornburg, 425 So.2d 467 (Ala.Civ.App.1982), to be highly instructive. In that case the appellant appealed from the district to the circuit court, executing a “Security for Costs” on the bottom of the notice of appeal form, just as was done in this case. The appellant did not sign the security for costs form on the line designated for the appellant’s or attorney's signature; that line was signed by the attorney. Rather, the appellant signed the bond only on the line designated for a surety. The attorney’s wife also signed the bond as a surety.
The appellee in Hand moved to dismiss the appeal, contending that the bond for costs was defective because the appellant had signed the bond as his own surety and not as the principal thereon. The appellee, as did the plaintiff in this case, relied on Carr v. Samuels, 285 Ala. 170, 229 So.2d 920 (1969), and earlier cases which in effect indicate that an appellant could not act as his own surety on a bond for the costs of appeal. The circuit court agreed with the appellee and dismissed the appeal.
This court reversed and remanded, holding that the purpose of the bond for costs required by Rule 62(dc)(5), A.R.Civ.P., and Ala.Code (1975), § 12-12-70(a), is to secure the payment of the costs of the appeal and that the “Security for Costs” filed in that case accomplished that purpose.
Citing two earlier decisions of the Alabama Supreme Court, Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785 (1958), and McKinstry v. Thomas, 258 Ala. 690, 64 So.2d 808 (1953), this court noted that an appeal bond need not be signed by the appellant at all to be effective. “All that is necessary is security for the costs.” Hand, 425 So.2d at 469.
Analyzing the “Security for Costs” bond filed in Hand, this court found that it provided the necessary security for costs of the appeal because:
“If [the appellant] was not required to sign the bond in the first instance, the fact that he signed it as surety rather than as principal did not void that undertaking and was an inadequate ground for the dismissal of his appeal, for there remained two sureties thereon, his attorney and the attorney’s wife, and there is no contention that either of them was financially inadequate as security on that bond for costs.”
Hand, 425 So.2d at 469.
Under the decision in Hand, in analyzing the sufficiency of a bond for costs filed *846 pursuant to Rule 62(dc)(5), the focus of the court should be on whether the bond provides the necessary security for the costs of the appeal, not on old technicalities which may have once governed appeal bonds. As this court stated in Hand, “[m]yriad changes have been made in the past decade in an attempt to eliminate, or soften the effect of, ultra technical rules of civil trial and appellate procedures thereby striving for a just, speedy and inexpensive determination of each civil action upon its merits.” Hand, 425 So.2d at 469.
Applying these principles from Hand to an analysis of the bond for costs filed by the defendant in this case, we conclude that such bond did provide the necessary security for costs of the appeal. Although the defendant executed the bond as surety, rather than obtaining another person to serve in that capacity, her signature as such does not make the bond automatically defective where she also signed the bond as the appellant, thus obligating herself as the principal thereon, and where the record contains “no contention that [the defendant] was financially inadequate as security on that bond for costs.” Hand, 425 So.2d at 469.
Because the defendant’s bond for costs provided the necessary security for the costs of the appeal, the fact that she signed such bond as her own surety was not under the facts of this case a sufficient basis for dismissing her appeal and requires our reversal.
In view of the above, the defendant’s other contention on appeal is pretermitted.
This case is reversed and remanded to the trial court for proceedings not inconsistent herewith.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.