PER CURIAM.
Southeast Alabama Medical Center (“SAMC”) sued Jaquala Wilson in the Houston District Court, small-claims division, seeking a judgment for past-due medical bills Wilson had failed to pay. The district court entered a judgment in favor of SAMC, and Wilson filed a notice of appeal to the Houston Circuit Court, together with an affidavit of financial hardship seeking a waiver of the requirement of prepayment of the filing fee, also known as a request to proceed in forma pauperis (“IFP request”), on July 23, 2014.[1] Wilson *1167 also filed a demand for a trial by jury. The circuit court denied Wilson’s IFP request on July 23, 2014, and it ordered that she pay the filing fee for her appeal within 14 days. Wilson paid what she characterized as the $100 jury-demand fee,[2] but, on August 7, 2014, she sought reconsideration of the circuit court’s denial of her IFP request. The circuit court refused to reconsider its denial of Wilson’s IFP request, and it ordered that Wilson pay the “balance” of the filing fee Within 30 days.
SAMC filed a motion for a summary judgment on August 19, 2014. Wilson filed a second motion seeking reconsideration of the circuit court’s denial of her IFP request on September 8, 2014. On the same date, the circuit court refused to reconsider its denial of Wilson’s IFP request, but it granted Wilson an additional 14 days to pay the “remainder” of the filing fee. Wilson responded to SAMC’s motion for a summary judgment on September 25, 2014, and the trial court entered an order on September 29, 2014, stating that it would consider the summary-judgment motion once Wilson paid the “remainder” of the filing fee. That same order required Wilson to pay the “remainder” of the filing fee within 30 days or face dismissal of her appeal.
On November 3,- 2014, the circuit court entered an order dismissing Wilson’s appeal for lack of subject-matter jurisdiction, stating specifically that it lacked jurisdiction over the appeal because Wilson had not paid the required filing fee. Wilson timely appealed the dismissal of her appeal to the circuit court to this court, arguing that the circuit court erred in failing to grant her IFP request and in concluding that -it lacked jurisdiction over her appeal. We affirm.
We will first consider Wilson’s argument that the circuit court erred.by failing to grant Wilson’s IFP request. A trial court’s decision to deny an IFP request is reviewed for an abuse of discretion. See Ex parte Wyre, 74 So.3d 479 (Ala.2011); Ex parte Holley, 883 So.2d 266, 269 (Ala.Crim.App.2003).
In her brief on appeal,-Wilson first argues that the denial of her IFP request conflicts with former Ala.Code 1975, § 30-6 — 5(f), ■ which, before its amendment in 2003, governed the determination of IFP *1168 status for plaintiffs seeking relief under the Protection from Abuse Act, codified at Ala.Code 1975, § 30-5-1 et seq. Former § 30-5-5(f) stated that receipt of “Aid to Families with Dependent Children payments, food stamps, or Supplemental Security Income shall serve as prima facie evidence demonstrating substantial hardship on the part of the plaintiff.” Wilson acknowledges that § 30 — 5—5(f) has since been amended, but she argues that the former statute embodied a legislative policy “to be employed by courts when considering affidavits of substantial hardship and requests for waiver of filing fees. Receiving food stamps should serve as prima facie evidence demonstrating financial hardship.” Section 30 — 5—5(f) no longer refers to food stamps or other aid as a benchmark for determining IFP status.[3] Even if § 30-5-5(f) read as it did before its 2003 amendment, however, Wilson’s argument would still be unconvincing. Section 30-5-5(f), before its amendment in 2003, governed the assessment of filing fees for petitions seeking protection from abuse. Wilson is pursuing an appeal from a debt-collection action, not a protection-from-abuse order. Thus, we cannot agree that former § 30-5-5(f) provides a basis for reversal of the circuit court’s denial of Wilson’s IFP request.
Wilson next argues that constitutional law provides a basis for reversal of the denial of her IFP request. She relies mainly on Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), in which the United States Supreme Court held that indigent litigants could not be foreclosed from pursuing divorce actions by the requirement that they prepay a filing fee.[4] Wilson’s constitutional arguments were not raised in the circuit court; thus, we need not consider Wilson’s constitutional arguments further. See Robinson v. State, 587 So.2d 418, 419 (Ala.Civ.App. 1991) (stating that an appellate court will not consider a constitutional issue that was not first presented to the trial court). We note, however, that Wilson’s argument is unavailing, in part because Wilson is not seeking a divorce and because Boddie does not provide a basis for reversing the circuit court’s denial of Wilson’s IFP request in an appeal from a debt-collection action.[5]
*1169 Neither of Wilson’s arguments on appeal assail the circuit court’s discretion in determining whether to grant or deny Wilson’s IFP request. Her reliance on former § 30 — 5—5(f) is misplaced, and her constitutional argument was not raised in the trial court. Accordingly, -because Wilson does not argue that the circuit court abused its discretion in denying her IFP request, we affirm the circuit court’s order denying that request without considering whether the circuit court' properly exercised that discretion. See Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) (‘When an appellant fails to argue an issue in its brief, that issue is waived.”).
We now turn to Wilson’s argument that the trial court erred by dismissing her appeal from the district court because, she contends, the payment of a filing fee is not a jurisdictional requirement to perfect an appeal from the district court to the circuit court. Wilson relies chiefly on Finch v. Finch, 468 So.2d 151 (Ala.1985), in which our supreme court considered whether the payment of a filing fee within .the applicable appeal period was required to perfect an appeal from the probate court to the circuit court.
“Rule 7, Alabama Rules of Judicial Administration, provides that ‘Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.’ The Court of Civil Appeals has held, and the -Clerk of this Court has given the opinion, that the filing of an appeal in the circuit court from a district court judgment is an original filing within the meaning of Rule 7 and requires the filing fee prescribed in §§ 12-19-70 and -71. Hand v. Thornburg, 425 So.2d 467 (Ala.Civ.App.1982), cert. denied, 425 So.2d 467 (Ala.1983); Scott v. Kimerling, 417 So.2d 204 (Ala.Civ.App.1982), cert. quashed, 417 So.2d 204 (Ala.1982); Opinion of the Clerk No. 16, 362 So.2d 1259 (Ala.1978).
“The Clerk based his opinion on cases establishing that an appeal is a new statutory proceeding in the appellate court. Ohio Cas. Ins. Co. v. Gantt, 256 Ala. 262, 54 So.2d 595 (1951); Anders Bros. v. Latimer, 198 Ala. 573, 73 So. 925 (1917); Cook v. Adams, 27 Ala. 294 (1855); Mazange v. Slocum & Henderson, 23 Ala. 668 (1853).
“The Court of Civil Appeals has further held that, appeals from district to circuit court require timely notice of appeal in the district court, payment of the filing fee in the circuit court, and security for costs or affidavit of hardship as provided in Rule 62(dc)(5), A[la]. R. Civ. P. Gomillion v. Whatley Supply Co., 446 So.2d 52 (Ala.Civ.App.1984); Hardeman v. Mayfield, 429 So.2d 1097 (Ala.Civ. App.1983); Hand v. Thornburg, supra; and Scott v. Kimerling, supra. Section 12-12-70, which provides for such appeals, mentions only the notice of appeal and the security for costs.
“Gomillion and Hardeman, involved the failure to file a bond for costs; Hand involved the adequacy of such a bond. Only in Scott does the payment of filing fees appear to have been at issue. In that case, the appellants ‘refuse[d] to post any bond or pay any money to enjoy [the] right to trial by jury.’ 417 So.2d at 204. The Court of Civil Appeals held that the trial court committed no error in dismissing the appeal.
“The holding that appeals from district court to circuit court require a filing fee in the circuit court should be extended to appeals from probate court to circuit court. It does not necessarily follow, however, that the circuit court was correct in dismissing the appeal. Nothing in the above-cited authorities establishes that the payment of filing *1170 fees in the circuit court imthin the time allowed for appeal is a jurisdictional requirement for perfecting such an appeal. Section 12-22-25 requires security for costs in appeals such as this one, but specifically states that ‘the filing of security for costs is not a jurisdictional prerequisite,’ By the same token, although payment of a filing fee is required, we do not find a jurisdictional defect in this case for failure to pay the fee within the time allowed for the appeal"
Finch, 468 So.2d at 153-54 (footnote omitted; emphasis added).
The holding.in Finch was reaffirmed in De-Gas, Inc. v. Midland Resources, 470 So.2d 1218, 1222 (Ala.1985). Although the De-Gas court determined that the payment of a filing fee at the time a complaint is filed is “a jurisdictional prerequisite to the commencement of an action for statute of "limitations purposes,” De-Gas, 470 So.2d at 1222, the court noted that the holding in Finch was not contrary' to its decision. According to the De-Gas court, a main reason for requiring payment of the filing fee at the time the complaint is filed is to make certain that the defendant is provided judicial notice that an action has been filed against him, which cannot occur until the action is commenced and service is made upon the defendant. Id. at 1221. However, our supreme court explained, “[w]here an appeal is involved, the non-appealing party is already well aware of the existence of the action. Further, although a filing fee is required in an appeal, there is no provision requiring the payment of the fee at the time the appeal is filed." Id. atl222.[6]
Wilson is correct that her failure to pay the filing fee at the time she filed her notice of. appeal was- not a jurisdictional defect requiring dismissal of her appeal. However, although it indicated in its order that Wilson’s failure to pay the filing fee was a jurisdictional defect, the circuit court did not actually-dismiss Wilson’s appeal for her failure to pay the filing fee at the time she filed her notice of appeal. In total, the circuit court permitted Wilson 98 days to pay the filing* fee. Although Finch holds that “failure to pay the [filing] fee within the time allowed- for the appeal” is not a jurisdictional defect, 468 So.2d at 154, it is abundantly clear that a filirtg fee must be paid for the appeal to the circuit court. See Hand v. Thornburg, 425 So.2d 467, 468 (Ala.Civ.App.1982) (“[T]he party taking the appeal [from' a civil judgment of the district court to the circuit court] must pay the docket fee for the new filing in the circuit court or.be excused from such payment because of substantial hardship.”); Scott v. Kimerling, 417 So.2d 204, 205 (Ala.Civ.App.1982) (concluding that a party taking an appeal from a judgment of the district court to the circuit court must pay appropriate costs under Ala.Code 1975, § 12-12-70(a), which includes payment of a filing fee equivalent to the fee for a new filing under Ala.Code 1975, §12-19-71); see also Rule 62(dc)(5), Ala. R. Civ. P., and the District Court Committee Comments to Rule 62 (modifying the requirements for a stay pending appeal under Rule 62(d) in the district courts to “require only a bond for costs or an affidavit of substantial hardship, approved by the court, in lieu of said bond” and explaining in the comments *1171 that “the costs referred to herein relate to costs incurred in the district court since the payment of a new filing fee in the circuit court is necessary in order to prosecute de novo review in that court”).
The circuit court ordered Wilson to pay the filing fee by October 29, 2014. Wilson failed to comply with that order. The circuit court was empowered to dismiss Wilson’s complaint for her failure to pay the filing fee as required by the circuit court’s lawful order by Rule 41(b), Ala. R. Civ. P., which permits a trial court to dismiss an action “[f]or failure of the plaintiff ... to comply with ...' any order of court.” Because a filing fee is required by § 12-12-70(a), and because Wilson failed to remit the filing fee as required by the circuit court’s September 29, 2014, order, the circuit court had the authority to- dismiss Wilson’s appeal. “We can .affirm a judgment on a basis not asserted to the trial court, and we can affirm a judgment if we disagree with the reasoning of the trial court in entering the judgment, as long as the judgment itself is proper.” Progressive Specialty Ins. Co. v. Hammonds, 551 So.2d 333, 337 (Ala.1989).
In conclusion, we affirm the circuit court’s order denying Wilson’s IFP request. Although Wilson is correct that her failure to pay the filing fee at the time she filed her notice of appeal is not a defect that deprived the circuit court of jurisdiction over her appeal from the district court’s judgment, the circuit court properly dismissed her appeal based upon her failure to pay the filing fee as required by the circuit court’s previous orders. The circuit court’s judgment dismissing Wilson’s appeal is therefore affirmed. ■ ’
AFFIRMED.
PITTMAN, THOMAS, and DONALDSON, JJ„ concur.
MOORE, J., dissents, with writing, which THOMPSON, P.J., joins.

. We note that appeals iri small-claims actions are governed by .Rule M of the Alabama Small Claims Rulés, which states:
"A judgment may be appealed to the circuit court by the filing of a notice of appeal in the office of the clerk of the small claims court within fourteen days from the date of the judgment and by furnishing a bond or cash as security for costs incurred in the small'claims court, or affidavit of substantial hardship, approved by the court, in place of said bond. Notice of the right to appeal shall be given to the losing party.”
The statute governing appeals from district court to circuit court, generally, Ala. Code Í975, § 12 — 12—70(a), states, in pertinent part:
“Any party may-appeal from a final judgment of the district court -in a civil case by *1167 filing notice of appeal in the district court, within 14 days from the date of the judgment or the denial of a posttrial motion, whichever is later, ... together with security for costs as required by law or rule.”
The main distinction between Rule M and § 12-12-70(a) appears to be that an appeal from a small-claims action requires as security for costs only an amount to cover the "costs incurred in the small claims court.” Rule M. An appeal from district court to circuit court under § 12-12-70(a), however, requires security for costs in an amount sufficient to cover both the costs incurred in the district court and the costs to be incurred in the circuit-court appeal. See Hand v. Thornburg, 425 So.2d 467, 469 (Ala.Civ.App.1982) (citing Clary v. Cassels, 258 Ala. 183, 61 So.2d 692 (1952)) (holding that the term "security for costs” in § 12-12-70(a) "means that security is required for all of the costs of appeal, including those incurred in the district court and not just the costs in the circuit court”). ■ Because the issues in the present case do not involve security for costs, the differences in the security-for-costs requirements of Rule M and § 12-12-70(a) are not relevant to our inquiry.
Furthermore, because Wilson did not mention Rule M in her brief on appeal and instead relies on § 12-12-70(a), we will analyze the issues under § 12-12-70(a) and will not consider whether Rule M might dictate a differ- ' ent outcome. See Hand, 425 So.2d at 468 (listing the “essential requirements of an appeal from a civil judgment of the district court (other than from a small claims judgment) to the circuit court” (emphasis added)).

. See Ala.Code 1975, § 12-19-71(a)(13) (assessing an additional fee . of $100 to be paid when a party makes a jury demand).

. Section 30 — 5—5(f) currently reads: "No court costs and fees shall be assessed for the filing and service of a petition for a protection order, for the issuance or registration of a protection order, or for the issuance of a witness subpoena under this chapter.”

. Wilson also relies on Williams v. Oklahoma City, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969), Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), Long v. District Court of Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290 (1966), Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963), Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961), Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959), and Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), all of which concerned the rights of a convicted defendant or an incarcerated prisoner to access to the courts to pursue an appeal or a petition for a writ of habeas corpus; thus, we find these cases inapposite.

. Wilson’s reliance on Boddie is also unavailing because the United States Supreme Court stated in Boddie that "[w]e do not decide that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by the Due Process Clause of the Fourteenth Amendment so that its exercise may not be placed beyond the reach of any individual.” 401 U.S. at 382. As the United States Supreme Court later observed in United States v. Kras, 409 U.S. 434, 449, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), in Boddie "[t]he Court obviously stopped short of an unlimited rule that an indigent at all times and in all cases has the right to relief without the payment of fees.”

. Thus, -our supreme court’s recent determination in Ex parte Courtyard Citiflats, LLC, [Ms. 1140264, June 12, 2015] — So.3d -, - (Ala.2015), that an IFP request must be approved before the running of the statute of limitations to preserve a plaintiff’s claim has no impact on our consideration whether the circuit court in the present case properly concluded that Wilson's appeal was due to be dismissed based on her failure to pay the filing fee after her IFP request was denied.