DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FREDERICK SMART,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D15-3969

[November 18, 2015]

Petition for writ of prohibition to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 2013CF012696.

Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for petitioner.

No appearance for respondent.

PER CURIAM.

Frederick Smart petitions for a writ of prohibition following the trial court's denial of his motion for discharge, which claimed a violation of the speedy trial rule. "A writ of prohibition is an appropriate remedy 'where an accused has been denied his right to a speedy trial and his motion for discharge has been denied.'" *Dempsey v. State*, 82 So. 3d 928, 929 (Fla. 4th DCA 2011) (quoting *Sherrod v. Franza*, 427 So. 2d 161, 163 (Fla. 1983)). We deny the petition on the merits and write to clarify when a trial commences within the meaning of Florida Rule of Criminal Procedure 3.191(c).

Petitioner is charged with sexual battery, aggravated battery with a deadly weapon, aggravated assault with a deadly weapon, and false imprisonment. On June 17, 2015, he filed a demand for speedy trial triggering a fifty-day time period for commencing trial. Fla. R. Crim. P. 3.191(b). This fifty-day time period would have expired on August 6, 2015.

Petitioner's case was called for trial on July 28, 2015. The prospective jurors were sworn downstairs in the jury assembly room before being

called to the courtroom for this case. The trial court began questioning the seventy prospective jurors collectively and individually. After the court had questioned numerous prospective jurors, a juror made an offensive remark in response to a question from the judge. The juror stated that a criminal defendant should not have a trial and should be hung outside. Although the judge suggested the remark was an attempt to get out of jury duty that would not work, the defense moved to strike the entire panel of prospective jurors. Over the state's objection, the court agreed with the defense and struck all seventy prospective jurors. The court determined that there were not enough remaining prospective jurors to select a panel and reset the trial within the ninety-day time period that applies following a mistrial rather than within the fifty-day period expiring on August 6, 2015. Fla. R. Crim. P. 3.191(m).

The court determined that the trial had commenced within the speedy trial time because the prospective jurors, who had been sworn downstairs, were brought to the courtroom for *voir dire* and questioned as to this specific case. The jury panel had been stricken on the defense's motion. The defense argued that the trial did not commence, because the prospective jurors were not sworn in the courtroom for this particular case.

After the fifty-day speedy-trial-upon-demand time had expired, the defense filed notices of expiration and a motion for discharge. The trial court denied discharge, and this petition followed.

The rule at issue provides:

> A person shall be considered to have been brought to trial if the trial commences within the time herein provided. The trial is considered to have commenced *when the trial jury panel for that specific trial is sworn for voir dire examination* or, on waiver of a jury trial, when the trial proceedings begin before the judge.

Fla. R. Crim. P. 3.191(c) (emphasis added). Petitioner relies on *Moore v. State*, 368 So. 2d 1291, 1292 (Fla. 1979), and *Stuart v. State*, 360 So. 2d 406, 409 (Fla. 1978), and argues that the emphasized language above was not satisfied because the prospective jurors were not sworn for *voir dire* in the courtroom for this specific trial.

*Moore* and *Stuart* held that the swearing of a large number of prospective jurors at the beginning of the week was not alone sufficient to commence trial. The Florida Supreme Court in *Stuart* recognized that trial commences when *voir dire* examination begins for that specific case. "The

2

fact that the prospective jurors were seated for voir dire for a particular trial within the period of the rule distinguishes Maines [sic] from the case at bar." *Stuart*, 360 So. 2d at 409 (citing *State ex rel. Maines v. Baker*, 254 So. 2d 207, 208 (Fla. 1971)). In *Maines*, as in this case, the prospective jurors were sworn in by the clerk but were not sworn in again after being brought to the courtroom. 254 So. 2d at 208. In that situation, the supreme court found that the trial commenced because *voir dire* began for that specific case. *Id.* The decision in *Maines* has not been overruled.

In 1980, following the decisions in *Stuart* and *Moore*, the Florida Supreme Court added the following emphasized language to the speedy trial rule, which is practically identical to that in the current rule: "The trial is deemed to have commenced when the trial jury panel *(for that specific trial)* is sworn for voir dire examination." *The Fla. Bar In re Rules of Criminal Procedure*, 389 So. 2d 610, 612 (Fla. 1980) (emphasis added). The committee note reflects that this amendment was a "[m]inor change in language to reflect case law." *Id.* at 615.

Petitioner argues that the language in the rule is not satisfied unless the court again swears the jury panel for *voir dire* once they are brought to the courtroom. We disagree. The rule does not require that the jury be sworn for *voir dire* again in the courtroom.[1] The Florida Supreme Court's decisions in *Stuart* and *Maines* recognize that trial has commenced within the meaning of the rule when *voir dire* of a sworn panel of prospective jurors begins for that specific trial.

In this case, the trial court correctly determined that trial commenced when the prospective jurors, who had already been sworn, were seated for *voir dire* and questioning began for this particular case. Petitioner has not established an entitlement to discharge. The petition for writ of prohibition is denied.

*Petition denied.*

WARNER, STEVENSON and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] The practice in the Fifteenth Judicial Circuit, as in many courts across the state, is to swear the prospective jurors in the jury room before they are brought to the courtroom for *voir dire* as to a particular case.

3