This court granted Strickland's petition for writ of certiorari to review a decision of the Court of Civil Appeals which dismissed her appeal in a workmen's compensation case.
Following are excerpts from the opinion of the Court of Civil Appeals:
 "Petitioner filed a notice of appeal with the Supreme Court of Alabama some 36 days after judgment was entered in the trial court, and subsequently filed a motion to the transfer the case to this court and treat the notice as a defective petition for writ of certiorari with leave to amend the petition. Appellee-employer then filed a motion to dismiss on the grounds that (1) the statutory time for invoking appellate jurisdiction was not met and (2) the notice of appeal cannot be treated as a defective petition which may be amended.
. . . . .
 "The new appellate rules state that appeals, generally, shall be taken within 42 days (ARAP Rule 4 (a)(1); the rules are silent as to `appeals by certiorari.' Moreover, Tit. 26, § 297 (E), Code of Alabama 1940, is not listed in either the amended or superseded statutes in the appendix which accompanies the rules. Thus, the hiatus: Does the 30-day time period set by statute govern or does the 42-day time period for `appeal'?"
The Court of Civil Appeals concluded that the 30-day time period controlled and dismissed the appeal.
This court, on October 14, 1976, amended the first sentence in Rule 3 ARAP and adopted a court note to explain the change. The words, "or review by certiorari in a workmen's compensation case," were added *Page 497 
in the first sentence of subsection (a)(1) to make clear the meaning of the rule.
New Rule 3 with the court note is as follows:
"Rule 3
 "(a) Filing the Notice of Appeal. (1) In civil cases an appeal permitted by law as of right, or a review by certiorari in a workmen's compensation case, shall be taken to an appellate court by filing a notice of appeal with the clerk of the trial court, within the time allowed by Rule 4."
"COURT NOTE
 "The words `or review by certiorari in a workmen's compensation case' have been added in the first sentence of subsection (a)(1) of Rule 3 and this subsection has been rewritten. The applicability of these rules to workmen's compensation cases, as to the time for taking the appeal and the procedure to be followed in perfecting the appeal, is not to be construed as changing or in any way superseding Title 26, Section 297, of the Code of Alabama providing for review by certiorari. However, all matters of procedure, including the giving of notice of appeal, the time within which such notice is to be given, the filing of an appeal or supersedeas bond, the preparation of the record on appeal, and the raising of the questions presented for review applicable to workmen's compensation cases, are governed by the Alabama Rules of Appellate Procedure; but the scope of appellate review shall remain as in cases on review by certiorari. See Alabama Digest, Workmen's Compensation, Key Nos. 1910, 1911, 1912, and 1935. Nor does this Rule change the requirement that the trial court file a statement of the law and facts as mandated by Title 26, Section 304, of the Code of Alabama. See Leach Mfg. Co. v. Puckett, 284 Ala. 209, 224 So.2d 242."
The action of this court on October 14, 1976, was to clarify the scope of Rule 3. Nevertheless, we consider old Rule 3 to have been broad enough to include review of workmen's compensation cases. The time within which review of a lower court decision may be sought is procedural.
Thus, the 42-day provision of Rule 4 ARAP is controlling in this case.
Therefore, we reverse the decision of the Court of Civil Appeals and remand the cause to that court.
REVERSED AND REMANDED.
All the Justices concur.