FAULKNER, Justice.
Holt appeals from the Jefferson County Circuit Court’s judgment of paternity under Tit. 27, § 12(1), et seq., Code of Ala. (1973 Supp.) The appeal is dismissed.
After entering a plea of guilty to the charge of paternity in Family Court, Holt appealed de novo to the Circuit Court and was given a jury trial. He was once again found guilty of paternity and appeals from that judgment. The State filed a motion to dismiss the appeal on the grounds of untimely appeal and inadequate bond.
TIMELINESS OF APPEAL
The jury verdict of paternity and judgment rendered in accordance therewith was entered on May 11, 1977. Holt’s motion for new trial, filed on June 1, was overruled on July 5. On August 12 (38 days later) Holt filed notice of appeal.
Under ARAP 4, notice of appeal must be filed within 42 days. However, Tit. 27, § 12(7), Code of Ala. (1973 Supp.) allows only 30 days for filing notice of appeal from the Circuit Court’s judgment in a paternity *349 proceeding.[1] The State argues that Tit. 27, § 12(7) is controlling. We do not agree.
Although § 12(7) was not explicitly modified or superseded by ARAP 4, see Alabama Rules of Appellate Procedure, Appendix II, Statutes and Rules Superseded, and Appendix III, Statutes Modified, “[t]he time within which review of a lower court decision may be sought is procedural” and, therefore, controlled by ARAP 4. Strickland v. National Gypsum Co., 348 So.2d 496, 497 (Ala.Sup.Ct.1976). Cf. Alabama Power Co. v. Hamilton, 342 So.2d 8 (Ala.Sup.Ct.1977). Holt’s notice of appeal was timely filed.
SUFFICIENCY OF BOND
On July 28, 1977, Holt procured a bond denominated as an “Appeal Bond — Hard Labor Sentence” in the amount of $2,500. It was filed with and approved by the clerk of the Circuit Court on August 12.
The bond states:
“KNOW ALL MEN BY THESE PRESENTS, That we Willie James Holt principal, and A-Bonding Co. Inc. as sureties, are held and firmly bound unto the State of Alabama in the sum of Two Thousand Five Hundred ($2,500.00) Dollars, for the payment of which well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents; and we and each of us waive our rights of exemption under the Constitution and laws of the State of Alabama as against this bond.
“THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That whereas, the above bounden Willie James Holt was on the-day of May, 1977, convicted in the Circuit Court of Jefferson County, Alabama, for the offense of parenting an illegitimate child and had assessed against him a fine of One Hundred and no/100 ($100.00) Dollars, per month for child support together with the cost of this prosecution, . . . and as additional punishment imposed the defendant was sentenced to pay all back child support, from which sentence the said Willie James Holt has this day prayed and obtained an appeal to the Court of Appeals of Alabama.
“NOW IF THE SAID Willie James Holt shall appear and abide such judgment as may be rendered by the Court of Appeals, and if the judgment of conviction is affirmed, or the appeal is dismissed, the said Willie James Holt shall surrender himself to the Sheriff of Jefferson County, at the County Jail, within fifteen days from the date of such affirmation or dismissal, then this obligation to be null and void, otherwise to remain in full force and effect.
“Given under our hands and seals, this the 28th day of July, 1977.
“Willie James Holt (L. S.)
“A-Bonding Co. Inc. (L. S.)
“By Wendell P. Dowdy Pres. (L. S.)”
The State’s challenge to the sufficiency of the bond was rejected by the Circuit Court, and the State now renews its objection to the bond. The State claims the bond is insufficient to meet the requirement of an appeal bond under Tit. 27, § 12(7), Code of Ala. (1974 Supp.) which provides, inter alia:
“ . . .if the appeal is taken by the reputed father, he must give security for the cost of appeal, to be approved by the clerk of the circuit court who shall certify the names of sureties, together with the record, to the appelate [appellate] court, if the judgment of the circuit is affirmed.”
See also ARAP 7.
Although security for costs of appeal is not jurisdictional, “[t]he failure to file such security would be the subject of appropriate action upon notice on motion or notice by the court itself.” ARAP 7, Committee Comments.
*350 In Ralston Purina Co. v. Pierce, 265 Ala. 365, 367, 90 So.2d 922, 924 (1956), the court dismissed the appeal unconditionally because “ . . . good and sufficient security for costs of appeal was not filed prior to submission on the merits, and no order of this court was obtained prior to such submission to permit the subsequent filing of security for costs . . . ” Carr v. Samuels, 285 Ala. 170, 229 So.2d 920 (1969). The State’s motion to dismiss the appeal was filed in this court on November 10, 1977 and served on appellant’s attorney by mail on the same date. The case was submitted on March 15, 1978. During this time, appellant’s only response to the motion came during oral arguments before this court, and even then appellant’s attorney made no effort to obtain the court’s permission for a subsequent filing of security for costs in the event we should find the original bond defective. The appeal must be dismissed.
APPEAL DISMISSED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.

. Section 26-12-9, Code of Ala. 1975, has extended the time for filing notice of appeal in such a case to 42 days. This extension, however, did not become effective until October 31, 1977.