L. CHARLES WRIGHT, Retired Appellate Judge.
Charles Tatum lost in his bid for councilman in the Jasper municipal election of September 13, 1988. Tatum filed an election contest in the Circuit Court of Walker County against the winner, Percy Goode. Following oral proceedings the trial court entered a directed verdict in favor of Goode at the close of Tatum’s case.
Subsequently, Goode filed a motion for attorney’s fees under the Alabama Litigation Accountability Act. Upon hearing the motion, the court ordered Tatum to pay $7,500 in attorney’s fees. Tatum appeals the award of attorney’s fees.
The Alabama Litigation Accountability Act is set out in § 12-19-270 et seq., Code 1975. The Act permits a court to assess reasonable attorney fees and costs against any attorney or party who has brought a civil action that the court, in its discretion, determines is without substantial justification. McArdle v. Bromfield, 540 So.2d 91 (Ala.Civ.App.1989). The Act defines “substantial justification” to mean that “such action, claim, defense or appeal (including any motion) is frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose....” § 12-19-271(1). In determining whether to assess attorney fees and costs the court shall consider, but is not limited to, numerous factors that are set out in § 12-19-273. The factors, in part, are as follows:
“(1) The extent to which any effort was made to determine the validity of any action, claim or defense before it was asserted;
“(2) The extent of any effort made after the commencement of an action to reduce the number of claims being as *86 serted or to dismiss claims that have been found not to be valid;
“(3) The availability of facts to assist in determining the validity of an action, claim or defense;
“(4) The relative financial position of the parties involved;
“(5) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose;
“(6) Whether or not issues of fact, determinative of the validity of a parties’ [sic] claim or defense, were reasonably in conflict;
“(7) The extent to which the party prevailed with respect to the amount of and number of claims or defenses in controversy.”
Additionally, if the trial court determines that an award of attorney fees is appropriate, then it must specifically set forth its reasons for such an award. § 12-19-273.
After hearing all the evidence presented, the trial court issued a lengthy order. That order, in pertinent part, is as follows:
“5. The Court is aware of the time constraints placed initially upon the Plaintiff to file his election contest, but the Court has also taken into consideration the fact that over eighteen (18) months passed from the filing of this claim to the trial of this action, and therefore, there was ample time available to the Plaintiff to determine the validity of his claims and assertions and to reduce them. However, even though this case remained pending for eighteen (18) months, the vast majority of the witnesses who testified stated that they had never been contacted by the Plaintiff. This was so in spite of the fact that many of these witnesses (upon being called by the Defendant) stated that they were available to the Plaintiff for discussion, had the Plaintiff merely contacted them. There was great availability of facts in the Jasper community to assist the Plaintiff in determining the validity of his claims.
“6. In considering whether or not issues of fact were reasonably in conflict, the Court considered not only all of the factors set forth above together with the testimony, credibility or lack thereof of witnesses and other evidence, but the Court notes that the Plaintiff was not able to prove the illegality of any votes. In attempting to do so, it was obvious to the Court that many of the witnesses who testified had not been contacted by the Plaintiff prior to their testifying at the trial of this matter. Rather than contact the witness to determine the validity of his claims, the Plaintiff rather sought to rely on, and base his case on, speculation, conjecture and/or the uncorroborated testimony of totally unreliable witnesses. In fact, the three major witnesses upon whom the Plaintiff was relying were Charles Hackman, Bobby Williams and Barbara Williams. Charles Hackman was brought to the courtroom to testify, literally, in chains. He admitted from the witness stand that he was in prison for distributing cocaine. Bobby Williams came into Court to testify in an intoxicated condition and was removed from the courtroom by the Court until he was sober enough to testify. Barbara Williams testified that at the time she had any discussions with the Plaintiff that she was drunk and ‘high’ on ‘crack’ cocaine and that this would have been obvious to the Plaintiff.
“7. When considering the testimony of the witnesses deemed to be credible by the Court, clearly there were no sufficient facts on which the Plaintiff could have reasonably relied in order to prevail in his action.
“8. That Plaintiff offered absolutely no evidence with regard to boundaries of District 5, from which the Court could have made a determination as to the location of the residences of those votes contested by the Plaintiff on the issue of residency.
“9. It is also appropriate for the Court to consider, pursuant to § 12-19-273 of the Act ‘the relative financial position of the parties.’ In this regard, the Court notes that the Plaintiff in this matter was represented by his son. The *87 Defendant was not represented by a relative and testified as to the cost of his attorney. The Court also notes that this testimony offered by the Defendant at the ore tenus hearing concerning attorneys’ fees was uncontradicted and unre-butted by the Plaintiff. The Plaintiff offered no testimony at all at the hearing regarding attorney’s fees.
“10. The Court has also considered whether or not the action was prosecuted in whole or in part, in bad faith or for improper purpose. This Court is of the opinion that it was. The Court makes note of several items in this regard, including the fact that Plaintiff’s counsel stated, in open court, that T think the testimony will show that my father (the Plaintiff) is not concerned, at this point, with whether he is put in office or not.’ While this statement was made by Plaintiff’s counsel and, as such, is not evidence per se, the Court is led to the conclusion from the demeanor of the witnesses who testified before it and their credibility or lack thereof, together with the testimony, evidence, pleadings and all of the other matters considered by the Court that this statement by Plaintiff’s son was accurate.
“11. At the trial of the case in chief, the Plaintiff offered no proof whatsoever showing for whom any allegedly illegal vote was cast. No proffer, of any type, was ever made at any time by the Plaintiff.
“12. The Court is not unmindful of the votes which were contested by the Plaintiff on a basis of matters for which no testimony was required. However, these allegations comprised only a portion of the issues pursued by the Plaintiff and testimony was required in order for the Plaintiff to prevail on the other issues necessary for him to meet his burden of proof. Therefore, and in addition to the foregoing analysis, the Court has placed great weight upon the demeanor and credibility of the witnesses that testified before it. Based upon the credibility and demeanor of the witnesses testifying before this Court and in applying the factors to be considered set forth in the Act to the evidence and testimony presented to this Court, together with the pleadings, and arguments of counsel, this Court finds that this is a case which was prosecuted and/or continued to be pursued ‘without substantial justification.’ ” (Footnotes omitted.)
We pretermit a detailed summary of the facts in view of the trial court’s excellent recapitulation. Suffice it to say that we have carefully and thoroughly reviewed the record and agree with the trial court that this case was prosecuted without “substantial justification.” We find no error by the trial court in awarding the attorney fees. Furthermore, we find the amount of the award to be reasonable and fully supported by the evidence. This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.