ON APPLICATION FOR REHEARING
INGRAM, Justice.
This Court’s opinion of August 16, 1991, is withdrawn, and the following is substituted therefor:
This is an appeal from a judgment of the Circuit Court of Shelby County confirming an arbitration award.
The record indicates that in September 1986, the Industrial Development Board of the Town of Vincent (“IDB”) contracted with H.L. Fuller Construction Company, Inc. (“Fuller”), an Alabama corporation, to build a Comfort Inn motel in Shelby County, Alabama. The contract, by reference to the “General Conditions of the Contract for Construction AIA [American Institute of Architects] Document A201, August 1976 Edition,” provided for arbitration as the means of resolving conflicts arising out of the contract. That provision, in part, reads as follows:
“7.9.1. All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or *220 relating to, the Contract Documents or the breach thereof, except as provided in Subparagraph 2.2.11 with respect to the Architect’s decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.9.4 and 9.9.5, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. ...”
On March 15, 1988, Fuller, in response to an alleged breach of contract, filed a complaint in the circuit court for foreclosure of a mechanic’s lien against IDB, Shelby Motel Group, Inc. (“SMG”), as lessee of the motel project, and First Alabama Bank (“bank”), as indenture trustee. In response, both IDB and SMG, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (“FAA”), filed motions to compel arbitration and for a stay of the trial court proceedings. On June 24, 1988, the trial court entered the following order on the motions: “Parties consent to arbitration and proceedings are stayed.”
In September 1988, Fuller filed “counterclaims” in the arbitration proceeding against IDB and SMG. As against IDB, Fuller filed a breach of contract claim and a quantum meruit claim. As against SMG, Fuller filed a third-party beneficiary claim, an interference with contractual relations claim, and a fraud claim. Fuller also restated the lien claim alleged in the lawsuit, which had been referred by the trial court to arbitration.[1]
In April 1990, IDB expressly answered the claims asserted by Fuller and reserved “other answers, defenses and claims” pending the completion of discovery. Fuller did not object to this reservation. On June 13, 1990, IDB filed a claim in arbitration against Fuller and its surety, The Hartford Accident and Indemnity Company, alleging breach of contract and fraudulent concealment. Fuller filed with the American Arbitration Association (“AAA”) a written objection to IDB’s filing of this claim against it. Fuller contended that the fraud claim came too late and that it prejudiced Fuller in the arbitration proceeding. The arbitrators overruled Fuller’s objection and allowed IDB’s claim to stand. Fuller never filed a motion to stay in the circuit court or stated any further objection to the allowance of the fraud claim by IDB.
In August 1990, the arbitrators, after receiving documentary evidence and testimony of the parties involved, entered awards in favor of both Fuller and IDB. The AAA’s order reads, in pertinent part, as follows:
“On the claim, H.L. FULLER CONSTRUCTION CO. shall pay to INDUSTRIAL DEVELOPMENT BD. OF THE TOWN OF VINCENT the sum of TWO HUNDRED FIFTY-THREE THOUSAND THREE HUNDRED SEVENTY-EIGHT DOLLARS AND NO CENTS ($253,378.00).
“On the counterclaim, INDUSTRIAL DEVELOPMENT BD. OF THE TOWN OF VINCENT shall pay to H.L. FULLER CONSTRUCTION CO. the sum of TWO HUNDRED SIXTY-TWO THOUSAND SIX HUNDRED DOLLARS AND NO CENTS ($262,600.00).
“Therefore, INDUSTRIAL DEVELOPMENT BD. OF THE TOWN OF VINCENT shall pay to H.L. FULLER CONSTRUCTION CO. the net sum of NINE THOUSAND TWO HUNDRED TWENTY-TWO DOLLARS AND NO CENTS ($9,222.00) to be paid within (30) thirty days from date of Award. Interest shall accrue at twelve (12%) percent per an-num from date of Award until paid.”
On August 31, 1990, prior to a judgment on the arbitration award by the Circuit Court of Shelby County, Fuller filed a notice of appeal with this Court. IDB filed a *221 motion to dismiss the appeal, contending that because the circuit court had not entered a judgment, this Court did not have jurisdiction. In December 1990, this court remanded the case to the Circuit Court of Shelby County for entry of the AAA’s award as the judgment of that court and for any further proceedings in accordance with § 6-6-15.
On remand, the circuit court entered the following judgment:
“THIS MATTER, having come before the Court upon the Confirmation of Arbitration Award and Satisfaction Thereof and Supplement thereto, filed by the [IDB], and the Court having considered the same, and in compliance with the Supreme Court of Alabama’s Order of December 21, 1990, it is accordingly,
“ORDERED, ADJUDGED and DECREED, that the Arbitration Award ... be and hereby is ENTERED as a Judgment of this Court pursuant to Code of Alabama, 1975, § 6-6-15_”
Fuller made a motion to vacate the arbitration award, which the circuit court subsequently denied, and the matter was then properly before this Court.
On appeal, Fuller contends that the arbitration award is due to be vacated. Fuller argues that the award is inconsistent on its face, that it lacks fundamental rationality, and that it is so “imperfectly executed” that it violated the FAA and should not be allowed to stand. Fuller also contends that the arbitrators abused their discretion in allowing IDB to file its fraud claim at such a late stage in the proceedings.
At the outset, we note that neither side contends that the FAA does not apply in this case. In fact, Fuller’s argument on appeal is based on the applicability of the FAA. Therefore, there is no issue presented as to whether this case involved a contract in “interstate commerce.” See Wright v. Land Developers Construction Co., 554 So.2d 1000 (Ala.1989), cert. denied, — U.S. —, 110 S.Ct. 2170, 109 L.Ed.2d 499 (1990) (both sides conceded the applicability of the FAA; therefore, there was no issue presented as to whether the case involved a contract in interstate commerce).
We further note that neither side contends that the arbitration provision did not encompass the fraud claim. In other words, Fuller did not argue that the fraud claim could not be submitted to arbitration pursuant to the original contract between the parties. Therefore, that issue is not properly before us.
However, at this juncture, this Court feels compelled to point out its disfavor of predispute arbitration agreements. In fact, Ala.Code 1975, § 8-1-41(3), explicitly prohibits the enforcement of predispute arbitration agreements. This somewhat hostile attitude toward predispute arbitration agreements is rooted in the belief that parties should not be permitted, by their agreement, to oust the courts of their jurisdiction. In discussing Alabama’s policy toward predispute arbitration agreements, this Court has stated:
“The public policy of this state is to encourage arbitration and amicable settlements of differences between parties; but public policy also holds void an agreement in advance to oust or defeat the jurisdiction of all courts, as to all differences between the parties.”
Wells v. Mobile County Bd. of Realtors, 387 So.2d 140, 144 (Ala.1980) (quoted with approval in Ex parte Warren, 548 So.2d 157, 160 (Ala.1989); cert. denied, 493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989)).
However the United States Supreme Court in Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984), firmly established that in cases governed by the FAA, the federal substantive law of arbitration governs, despite contrary state law or policy. Further, Alabama has recognized that the federal policy embodied in the FAA mandates that whenever a written contract evidencing a transaction in interstate commerce contains an arbitration provision, that provision must be given effect by state and federal courts alike. Ex parte Costa & Head (Atrium), Ltd., 486 So.2d 1272, 1276 (Ala.1986); Ex parte Alabama Oxygen Co., 452 So.2d 860 (Ala.1984) (approving the view expressed in Justice Mad *222 dox’s dissent in the original proceeding at 433 So.2d 1158, 1168 (Ala.1983)).
Ex parte Costa & Head was a mandamus proceeding arising out of a lawsuit involving a dispute over a construction contract. There, the petitioner, a general contractor, executed a standard AIA construction contract, which provided that “[a]ll claims, disputes and other matters in question between the contractor and the owner arising out of, or relating to, the contract documents or the breach thereof ... shall be decided by arbitration.” Costa at 1273. Ultimately, a suit was filed in the circuit court, which, among other things, alleged breach of contract, fraud, negligence, and wrongful termination. The petitioner requested that the circuit court stay the case and compel arbitration of all arbitrable issues. The trial court denied the petitioner’s request and instead stayed any pending arbitration proceedings. In the mandamus proceeding before this Court, the petitioner requested an order to stay the circuit court proceedings pending arbitration. The petitioner argued that the arbitration agreement at issue was governed by the FAA and that therefore the trial court had no discretion and had to stay the circuit court proceedings.
This Court granted the writ. This Court determined that the FAA applied and held that “[t]he requirement of the FAA that an arbitration agreement ‘involve commerce’ has been construed very broadly so that the slightest nexus of the agreement with interstate commerce will bring the agreement within the ambit of the FAA.” Costa at 1275. Further, this Court held that because the FAA was applicable, the trial court had no discretion to stay the arbitration proceedings on the grounds of “judicial economy, possible inconsistent results, or the existence of non-arbitrable claims.” Costa at 1276. This Court further noted that “state courts are obligated to grant stays of litigation under § 3 of the FAA just as are the federal courts.” Costa at 1276. As concerns the demands for punitive damages and the allegations of fraud in Costa, we also found that “there is authority that supports the submission of both fraud and punitive damages claims to arbitration if the arbitration agreement is broad enough to allow it.” Costa at 1276.
However, in the instant case, as noted above, Fuller never raised any issue concerning the arbitrability of the fraud claim pursuant to the arbitration agreement. Rather, Fuller only contended that the arbitrators abused their discretion in allowing the fraud claim to be brought along with the contract claim some two years after the request for arbitration. There was never any contention by Fuller that the arbitration agreement was not broad enough to encompass the fraud claim. In fact, Fuller even suggested in brief that IDB could have demanded arbitration of the fraud claim in a new arbitration proceeding.
Clearly, the broadness of the arbitration agreement and whether the fraud claim was, in fact, arbitrable were never issues in this case. However, had these been issues, we note that, pursuant to federal policy, the provision here providing for arbitration is quite broad, and, pursuant to this Court’s opinion in Costa, there is authority that supports the submission of fraud claims to arbitration. See also Willoughby Roofing & Supply Co. v. Kajima International, Inc., 598 F.Supp. 353 (N.D.Ala.1984), affirmed, 776 F.2d 269 (11th Cir.1985).
This is not to say that in arbitration cases governed by the FAA fraud claims in all circumstances ■ must go to arbitration. Rather, federal policy recognizes that parties to a contract containing an arbitration agreement certainly have the power to limit the arbitrator’s authority to consider certain claims, including fraud claims. See Willoughby Roofing. However, in order to exclude a claim from arbitration, there must be an express provision within the original contract between the parties that excludes a particular grievance. See Pierson v. Dean, Witter, Reynolds, Inc., 742 F.2d 334 (7th Cir.1984). Parties, through clear and express exclusions in the contract, have the power to limit the arbitrator’s authority to decide certain claims. Willoughby Roofing.
We now proceed with the arguments that Fuller did raise on appeal. *223 First, Fuller contends that the arbitration award is due to be vacated because it allegedly did not comply with the FAA, which permits the vacation of an arbitration award in the following instance:
“(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.”
9 U.S.C. § 10(d).
Fuller contends that there is no logical or lawful manner in which the arbitrators could have found both for Fuller and for IDB on their respective claims.
We have reviewed the record before us and note that, although there is no transcript of the arbitration hearing, it certainly appears that the proceedings were conducted according to the Construction Industry Arbitration Rules (“Rules”) governing arbitrations. Both parties were allowed to present documentary evidence, as well as testimonial evidence, over a period of three days. We also point out that § 43 of the Rules allows the arbitrator to grant any remedy or relief that is “just, equitable, and within the terms of the agreement of the parties.”
In resolving a question concerning the authority of the arbitrators, courts must broadly construe the agreement and resolve all doubts in favor of the arbitrators. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Further, the Supreme Court has stated that if the national policy favoring the settlement of disputes by arbitration is to have any real substance, then it is essential that arbitrators have a great deal of flexibility in fashioning remedies. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Thus there is a heavy burden on those claiming that the arbitrators’ awards exceed their authority, and the arbitrator is given broad latitude and discretion. Willoughby Roofing, supra.
In view of the above, we cannot say that the arbitrators exceeded their powers or so “imperfectly executed” them that the arbitration award in this case should be vacated.
Second, as concerns Fuller’s argument that the arbitrators abused their discretion in allowing IDB to file its fraud claim in arbitration approximately two years after the other claims had been filed, we likewise find no merit. In June 1990, IDB filed a motion with the AAA asking that the arbitrators permit IDB to file its claim against Fuller. In its motion, IDB stated the following:
“1. IDB expressly reserved its right to file a claim pursuant to its answer filed April 12, 1990, as follows:
“ ‘61. IDB expressly reserves all other answers, defenses, and claims arising out of the construction documents with Fuller until all documents have been produced and other discovery completed.’ ”
In support of its request, IDB alleged that it had had continuous difficulty in obtaining documents from Fuller that it needed to more specifically state a claim against it. Further, IDB argued that the fraud claim was not a new claim, but that it was rather a more specific statement of its original claims against Fuller.
It appears that a hearing was conducted over the telephone concerning IDB’s request. After consideration of the arguments of the parties in support, as well as in opposition, the arbitrators granted IDB’s motion and allowed the fraud claim. Fuller made no further objection.
Rule 8, Change of Claim or Counterclaim, of the Rules provides as follows:
“After filing of the claim or counterclaim, if either party desires to make any new or different claim or counterclaim, the same shall be made in writing and filed with the AAA, and a copy thereof shall be mailed to the other party.... After the arbitrator is appointed, however, no new or different claim or counterclaim may be submitted without the arbitrator’s consent.”
Here, IDB, pursuant to the Rules, requested, and was granted, permission from *224 the arbitrators to file its fraud claim. Therefore, in view of the liberal admission of evidence and presentation of claims as provided by the Rules, we cannot find that the arbitrators abused their discretion in allowing IDB to add the fraud claim against Fuller. As noted above, an arbitrator is given broad latitude and discretion. Willoughby Roofing, supra. Therefore, the judgment of the circuit court is due to be, and it is hereby, affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., concurs in the result.

. Shortly thereafter, SMG filed a bankruptcy petition in the United States Bankruptcy Court in Anniston, Alabama. Additionally, the arbitration proceedings were voluntarily stayed so that the circuit court could determine the priority of Fuller’s mechanic's lien versus the bank’s mortgage interest in the project property. The trial court entered a summary judgment in favor of Fuller.