L. CHARLES WRIGHT, Retired Appellate Judge.
James Brashear and Lee Spinks were divorced in 1963. As part of the final decree of divorce, the parties retained joint ownership of two houses. One was located in Huntsville, Alabama, and the other in Madison, Indiana. The wife was given the right to dwell in the Huntsville house. The husband was obligated to make the mortgage payments on both pieces of property.
In January 1991, some twenty-eight years later, the wife filed a “Petition for Rule Nisi and for Sale for Division.” She alleged that the husband had refused to allow her to live in the Alabama house and that he had refused to make payments on the Indiana house, resulting in its foreclosure.
The husband answered the complaint and denied the allegations. He filed a counterclaim against the wife for malicious prosecution.
On November 10, 1992, the parties stipulated that the petition should be dismissed with prejudice. In support of the agreement, the wife executed an affidavit, in which she stated that the allegations of the petition were untrue. She averred that she conveyed title to the Alabama property to the husband in 1968 and that the husband conveyed title to the Indiana property to her in 1970. She further stated that the Indiana property was never foreclosed upon.
On November 11,1992, the husband filed a motion for attorney’s fees and costs under the Alabama Litigation Accountability Act, § 12-19-270 et seq., Code 1975. The motion was summarily denied on November 17, 1992. Based upon the parties’ stipulation, the action was dismissed on November 18, 1992.
The husband appeals and asserts that the trial court erred in refusing to award attorney’s fees.
The Alabama Litigation Accountability Act provides that a court shall award reasonable attorney fees and costs against any attorney or party who has brought a civil action in that court which it determines is without substantial justification. Tatum v. Goode, 591 So.2d 84 (Ala.Civ.App.1991). The Act defines substantial justification to mean that “such action, claim, defense or appeal (including any motion) is frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose_” § 12-19-271(1). In determining whether to assess attorney fees and costs, the court shall consider, but is not limited to, numerous factors that are set out in § 12-19-273.
Our supreme court recently delineated the standard of appellate review for such actions in Pacific Enterprises Oil Co. (USA) v. Howell Petroleum Corp., 614 So.2d 409 (Ala.1993). The court determined that:
“[T]he terms or phrases ‘frivolous,’ ‘groundless in fact,’ ‘vexatious,’ and ‘interpose4 for any improper purpose’ require factual determinations that will be entitled to deference on appeal. See, Smith v. Smith, 551 So.2d 1024 (Ala.1989). Thus, if a trial court determines that a party’s action, claim, or defense is ‘without substantial justification,’ based on the applicability of any one of these terms or phrases, that determination will not be disturbed on appeal ‘unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.’ Cove Creek Development Corp. v. APAC-Alabama, Inc., 588 So.2d 458, 461 (Ala.1991).”
The husband contends that this action was brought “without substantial justification.” He insists that the action was frivolous, groundless in fact, vexatious, and interposed for an improper purpose. He asserts, therefore, that the trial court abused its discretion in refusing to assess attorney fees.
*323 The record is comprised solely of the clerk’s record. There was no hearing on the complaint. Even from a review of the record before us, however, it appears that the husband’s request for attorney fees was well grounded. The wife admitted in her affidavit that the allegations of the complaint were untrue. She stated in deposition that she brought the action, over twenty-five years after the divorce decree, because the husband’s “mother treated her like a dog.” It appears that if the wife’s attorney had investigated his client’s charges by a simple title search of the property in question, he would have found that there was no validity to her complaint. Counsel for the husband, by letters and pleading, informed the wife’s counsel of the falseness of her charges soon after the complaint was filed.
The trial court did not hold a requested hearing on the motion for relief under § 12-19-272. It denied the motion without comment. We, therefore, have no insight as to why the trial court denied the bequest for attorney fees in spite of the admission of the wife that there was no “substantial justification” in fact for the action.
Section 12-19-273 of the Act requires the trial court to specifically set forth its reasons if it determines that an award of attorney fees is appropriate. In Pacific Enterprises Oil Co. (USA), the supreme court gave the following directive:
“Additionally, we will require a trial court making the ‘without substantial justification’ determination to make its determination, the ground or grounds upon which it relies, and the legal or evidentiary support for its determination, a part of the record, either by drafting a separate written order or by having these findings transcribed for the official record. This process will aid the appellate courts of this State during review.”
We recognize that the supreme court’s requirement in that case is directed to those instances where the court awards attorney fees after it determines that the action has been brought “without substantial justification.” The Act itself requires an explanation only when the trial court finds the award to be appropriate. We are unaware of any appellate decision in which the matter has been remanded for the trial court to give support for its denial of an award. For the trial court to do so would certainly aid the appellate court during review. Pacific Enterprises Oil Co. (USA).
In this case we decline to remand for that purpose, because the record in this case indisputably supports only the granting of an appropriate award under the statute. In such a case, we consider that the provision in the statute that “the court shall award’’ mandates that an award be granted. The failure to do so, particularly without a hearing, is an abuse of discretion. We, therefore, reverse the judgment insofar as it fails to include a reasonable attorney’s fee and costs not already assessed. We remand to the trial court for a determination of the reasonable amount of such fees and costs and direct the award of such in a judgment against the attorney or the wife, or both.
The husband’s request for attorney fees on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.