L. CHARLES WRIGHT, Retired Appellate Judge.
This matter has been before this court previously. Brashear v. Spinks, 623 So.2d 321 (Ala.Civ.App.1993). The action involved a post-divorce proceeding instituted by the wife against the husband. In Brashear, we determined that the husband was entitled to attorney fees and costs under the Alabama Litigation Accountability Act, § 12-19-270 et seq., Code 1975, because we found that there was no “substantial justification” in fact for the action. We remanded the matter to the trial court for it to make a determination of the reasonable amount of attorney fees and costs and to “direct the award of such in a judgment against the attorney or the wife, or both.” Brashear.
After remand, the trial court held a hearing. The attorneys were present and presented evidence and argument. The wife was not present and was not represented by counsel. Her previous counsel appeared at the hearing on his behalf and on his behalf only. In accordance with our mandate, the trial court entered an order assessing attorney fees in the amount of $1,450.00 and costs in the amount of $1,139.37 solely against the wife.
The husband appeals and asserts that the trial court abused its discretion in refusing to assess attorney fees and costs against the wife’s attorney.
Section 12-19-272(b) provides the trial court with the discretion to assess the payment of attorney fees or costs “against the *467 offending attorneys or parties, or both, and in its discretion may allocate among them, as it determines most just, and may assess the full amount or any portion thereof to any offending attorney or party.” We must, therefore, determine whether the trial court abused its discretion in assessing attorney fees and costs solely against the wife.
The husband insists that the trial court should have assessed the award of attorney fees and costs against the wife’s attorney because the attorney failed to adequately investigate his client’s claims before filing the action. In making this assertion, the husband relies on the language found in our opinion, wherein we stated: “It appears that if the wife’s attorney had investigated his client’s charges by a simple title search of the property in question, he would have found that there was no validity to her complaint.” Brashear. This court’s statement was made without the benefit of a hearing. The trial court heard the evidence and determined that the wife’s attorney made a good faith effort to investigate the wife’s claim prior to filing the action. In reaching its decision, the trial court stated the following:
“The Court determines from all the testimony and evidence given in this hearing that the [wife’s] attorney ... made a good faith investigation into the facts of this case as they were presented to him by his client prior to the filing of a petition for rule nisi, and that he, therefore, had good cause to file such petition. The Court further finds that there were no facts presented to him that would lead a reasonable person to believe that this was a frivolous case prior to the filing of the complaint for rule nisi. The Court further finds that [the wife’s attorney] withdrew from this action as a representative of the plaintiff in August 1992 on the basis of the client’s problems with respect to transportation to Madison County from the State of Indiana, on the basis of her non-payment of attorney’s fees, and not on the basis of his judgment that this ease lacked merit. For these reasons and other reasons supported by the factual testimony presented to the Court by the plaintiffs former attorney, the Court determines that a judgment with respect to attorney’s fees and costs is not proper or due to be entered against [the wife’s attorney].”
We have reviewed the record and find no error with the trial court’s assessment of attorney fees and costs solely against the wife. This is so — particularly in view of the previous unrefuted evidence that the wife knew that the allegations of the complaint were false when she instituted the action.
The judgment of the trial court is affirmed.
The husband’s request for attorney’s fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.