809 So.2d 823 (2001)
The SANDERSON GROUP, INC.
v.
Larry SMITH.
The Sanderson Group, Inc.
v.
Larry Smith.
Larry Smith
v.
The Sanderson Group, Inc.
2000149, 2000268 and 2000535.
Court of Civil Appeals of Alabama.
August 10, 2001.
*826 Jessica M. McDill of Chason & Chason, P.C., Bay Minette, for appellant/cross appellee The Sanderson Group, Inc.
James G. Curenton, Jr., Fairhope, for appellee/cross appellant Larry Smith.
CRAWLEY, Judge.
On December 6, 1996, Larry Smith went to a manufactured-home lot operated by the Sanderson Group, Inc. ("Sanderson"), with the intent of purchasing a manufactured home. While at the lot, Smith negotiated with Morris Nelson, an agent of Sanderson, for the purchase of a manufactured home. Smith traded in his used manufactured home, which was worth $11,900, and executed a finance agreement for the remainder of the purchase price. That agreement was assigned to Green Tree Financial Corporation ("Green Tree").
Sanderson required that Smith's family vacate the trade-in immediately, and it promised delivery of the recently purchased home by Christmas. Although the first half of the home was delivered before Christmas, the second half was delivered between mid-January and mid-February. Smith faxed a "rejection" of the manufactured home to Green Tree's Pensacola, Florida, office on January 26, 1997. He stopped making payments at that time.
Green Tree sued Smith, seeking to repossess the manufactured home. Smith answered and counterclaimed against Green Tree, alleging, among other things, fraudulent misrepresentation. Smith also filed a third-party complaint against Sanderson and Nelson, alleging, among other things, fraud, breach of contract, and conversion. Green Tree and Sanderson moved to compel arbitration. The parties arbitrated the various claims, and on October 4, 2000, the arbitrator issued an order that, among other things, awarded Smith $20,000 for emotional distress caused by Sanderson's failure to timely deliver the manufactured home.
Pursuant to Ala. Code 1975, § 6-6-15, Sanderson filed in the Baldwin County Circuit Court a notice of appeal to this court, on October 16, 2000 (case no. 2000149). On that same date, again pursuant to § 6-6-15, Sanderson filed in the circuit court a copy of the arbitrator's award and a motion to vacate the arbitrator's award. Sanderson argued in that motion, as it argues on appeal, that the arbitrator's award of mental-anguish damages was in manifest disregard of the law.
Section 6-6-15 reads:
"Either party may appeal from an award under this division. Notice of the appeal to the appropriate appellate court shall be filed within 10 days[1] after receipt of notice of the award and shall be filed with the clerk or register of the circuit court where the action was pending. *827 ... The notice of appeal, together with a copy of the award, signed by the arbitrators or a majority of them, shall be delivered with the file of papers or with the submission, as the case may be, to the court to which the award is returnable; and the clerk or register shall enter the award as the judgment of the court. Thereafter, unless within 10 days the court shall set aside the award for one or more of the causes specified in Section 6-6-14, the judgment shall become final and an appeal shall lie as in other cases. In the event the award shall be set aside, such action shall be a final judgement from which an appeal shall lie as in other cases."
Smith was also dissatisfied with the arbitrator's award, because it awarded him no damages for the conversion of his trade-in. He moved to modify the arbitrator's award on that ground. He also moved for attorney fees, pursuant to the Alabama Litigation Accountability Act ("ALAA"), Ala. Code 1975, § 12-19-270 et seq., arguing that Sanderson's motion to vacate the arbitrator's award and its appeal of that award were without substantial justification. Both motions were filed on November 13, 2000.
The trial court failed to rule upon Sanderson's motion to vacate the arbitrator's award within the 10 days provided for in the statute (that is, by October 26). The circuit court purported to deny Sanderson's motion to vacate the arbitrator's award on November 29, 2000. Sanderson again filed a notice of appeal (case no. 2000268)--on December 6, 2000 (which is within 42 days of October 26). This court, on December 5, 2000, reinvested the circuit court with jurisdiction to enter the arbitrator's award as a judgment, pursuant to the procedure outlined by our supreme court in H.L. Fuller Construction Co. v. Industrial Development Board, 590 So.2d 218, 220-21 (Ala.1991). The circuit court again denied Sanderson's motion and entered the arbitrator's award as a judgment, on December 29, 2000; it also on that date denied Smith's motion to modify and his motion for attorney fees pursuant to the ALAA.
On February 6, 2001, Sanderson filed a third appeal with this court (case no. 2000535), again pursuant to the provisions of § 6-6-15. Smith then filed a cross-appeal (in case no. 2000535). Smith argues that the arbitrator's failure to award him damages for the conversion of his trade-in was in manifest disregard of the law. He also argues that the circuit court should have awarded him attorney fees pursuant to the ALAA.

The Timeliness of Smith's Appeal
Sanderson argues that Smith's appeal from the arbitrator's award is procedurally defective because, it says, Smith failed to comply with § 6-6-15. Sanderson fails to recognize, however, that the adoption of Rule 4 of the Alabama Rules of Appellate Procedure served to modify the time period allowed for taking an appeal from the award of an arbitrator. See Appendix III--Statutes Modified, Ala. R. App. P.; see also Holt v. State, 361 So.2d 348, 349 (Ala.1978) (explaining that, because the time period for appeal is procedural, Rule 4 controlled the time for appeal in a paternity case where the paternity statute itself provided for appeal within 30 days); Alabama Power Co. v. Hamilton, 342 So.2d 8, 11 (Ala.1977) (explaining that Rule 4 explicitly modified the condemnation statute's time for appeal from 30 to 42 days). Although § 6-6-15 requires that an appeal be taken within 10 days, Rule 4 expanded that period to 42 days. Therefore, Smith's appeal is timely.

Sanderson's Appeal of the Arbitrator's Award
Sanderson appeals the arbitrator's award of $20,000 in mental-anguish damages. *828 The arbitrator stated that his award was based on his conclusion that "Sanderson's late delivery, coupled with its promises of delivery by Christmas and its insistence that the Smiths vacate the trade-in, led to substantial disruption of the Smith famil[y's] lives for six to eight weeks, with accompanying severe emotional distress to... Smith." Sanderson argues that the arbitrator manifestly disregarded the law, which, it says, does not provide for the recovery of mental-anguish damages without either proof that Smith was physically injured or proof that Smith was placed in immediate risk of physical injury. See AALAR, Ltd. v. Francis, 716 So.2d 1141, 1147 (Ala.1998).
Although Alabama law disfavors predispute arbitration agreements, in cases involving "contract[s] evidencing a transaction in interstate commerce" the federal substantive law of arbitration governs. See H.L. Fuller Constr. Co. v. Industrial Dev. Bd., 590 So.2d 218, 221 (Ala. 1991). Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., review of an arbitrator's award is limited. See Montes v. Shearson Lehman Bros., Inc., 128 F.3d 1456, 1458 (11th Cir.1997). The FAA delineates only four bases for vacating an arbitrator's award:
"(1) Where the award was procured by corruption, fraud, or undue means.
"(2) Where there was evident partiality or corruption in the arbitrators, or either of them.
"(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing ... or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
"(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
9 U.S.C. § 10.
In addition to the statutory reasons for vacating an award, there are nonstatutory, judicially recognized reasons. See Montes, 128 F.3d at 1458-59, 1462-63 (listing two and adopting another). In this case, Sanderson argues one of those judicially recognized reasons in favor of his request that we vacate the arbitrator's award--that the arbitrator manifestly disregarded the law. See id. at 1460-63. Although we agree that manifest disregard is a basis for vacating an award, we cannot agree that Sanderson has proved the arbitrator manifestly disregarded the law in this case.
To prevail on a claim that an arbitrator has manifestly disregarded the law, the party seeking vacation must convince the reviewing court that
"(1) the `arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether,' and (2) the `law ignored by the arbitrators ... [was] "well defined, explicit, and clearly applicable"' to the case."
DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 821 (2d Cir.1997) (quoting Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 112 (2d Cir.1993) (citations omitted)).
Sanderson argues that Alabama law prohibits the award of mental-anguish damages without proof of either accompanying physical injury or accompanying risk of physical injury. See AALAR, Ltd., 716 So.2d at 1147. While Sanderson's interpretation of AALAR, Ltd. is correct insofar as it imposes limits on the award of mental-anguish damages in tort claims, Sanderson has failed to recognize that mental-anguish damages may be awarded in certain cases for breach of contract, provided that "the *829 subject matter of the contract is so closely associated with matters of mental concern, or with the emotions of the party to whom the duty is owed, that a breach of that duty can reasonably be expected to result in mental anguish or suffering." B & M Homes, Inc. v. Hogan, 376 So.2d 667, 671 (Ala.1979) (holding that mental-anguish damages were properly awarded in a breach-of-contract case involving construction of a new home) (internal quotation marks and citations omitted); and see Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 306 (Ala.1986) (holding that mental-anguish damages were properly awarded in breach-of-contract case involving the purchase of a mobile home).
No transcript of the arbitration hearing was provided for this court to review. The arbitrator stated that "[t]he evidence is credible that Sanderson's late delivery, coupled with its promises of delivery by Christmas and its insistence that the Smiths vacate the trade-in, led to substantial disruption of the Smith famil[y's] lives for six to eight weeks, with accompanying severe emotional distress to ... Smith." Without a record to dispute this finding, we must presume that the arbitrator heard the evidence that would have been necessary to support his finding. See Legal Sys., Inc. v. Hoover, 619 So.2d 930, 931 (Ala.Civ. App.1993); see also McKee v. Hendrix, [Ms. 2991185, April 20, 2001] ___ So.2d ___ (Ala.Civ.App.2001) (citing Davis v. Prudential Sec., Inc., 59 F.3d 1186, 1188 (11th Cir.1995)) (indicating that we review an arbitrator's decision as we would any decision of a lower court). Sanderson has not shown that the arbitrator's award of damages was manifestly contrary to the law; accordingly, the judgment confirming the arbitrator's award, insofar as it awarded mental-anguish damages, is affirmed.

Smith's Appeal of the Arbitrator's Award
Smith also appeals the arbitrator's award, arguing that the arbitrator manifestly disregarded the law when he failed to award damages for the conversion of Smith's trade-in. The arbitrator's award indicated that the arbitrator had considered and rejected all other claims, and the award made no specific reference to the facts surrounding Smith's conversion claim. Smith, in his brief on appeal, argues that the trade-in was converted because Sanderson sold it even though Sanderson knew that Smith had "rejected" the manufactured home because it was not timely delivered.[2]
To recover for conversion of the trade-in, Smith would have had to prove that he had "`general or special legal title to the [trade-in] at the time of the alleged conversion'" and that Sanderson had "`wrongful[ly] exercise[d] ... dominion over [the trade-in] in exclusion or defiance of [his] rights.'" Mann v. Bank of Tallassee, 694 So.2d 1375, 1384-85 (Ala.Civ.App. 1996) (quoting Ott v. Fox, 362 So.2d 836, 839 (Ala.1978)). As noted previously, we do not have a transcript of the hearing before the arbitrator, so we cannot know whether at the hearing Smith produced any evidence supporting these elements of conversion.
Also as stated previously, to prevail on a claim that an arbitrator has manifestly disregarded the law, the party seeking vacation of the award must convince the reviewing court that
"(1) the `arbitrators knew of a governing legal principle yet refused to apply it or *830 ignored it altogether,' and (2) the `law ignored by the arbitrators ... [was] "well defined, explicit, and clearly applicable"' to the case."
DiRussa, 121 F.3d at 821 (quoting Folkways Music Publishers, 989 F.2d at 112 (internal citations omitted)). Without a transcript revealing evidence to support Smith's conversion claim, we cannot conclude that the arbitrator ignored or refused to apply the law. Accordingly, we affirm the judgment confirming the arbitrator's award insofar as that award failed to award damages for conversion.

Smith's Appeal from the Denial of His Motion for Attorney Fees Pursuant to the Alabama Litigation Accountability Act
Smith appeals the trial court's denial of his motion for attorney fees pursuant to the ALAA. He argues that Sanderson's motion to vacate and its subsequent appeal of the arbitrator's award were filed without substantial justification because Sanderson argued that the arbitrator manifestly disregarded the law, although the law, Smith says, clearly allows the award of mental-anguish damages in cases involving a breach of contract relating to a home. Sanderson argues that the ALAA is not designed to "chill attorney creativity in making good faith arguments for changes in the law." Pacific Enters. Oil Co. (USA) v. Howell Petroleum Corp., 614 So.2d 409, 418 (Ala.1993).
Section 12-19-272(a), Ala. Code 1975, provides:
"Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or in part."
In Pacific Enterprises Oil Co., our supreme court discussed the application of the ALAA and clarified the standard of review applicable to the award of fees under the ALAA:
"Section 12-19-271(1), Ala. Code 1975, states:
"`The phrase "without substantial justification," when used with reference to any action, claim, defense or appeal, including without limitation any motion, means that such action, claim, defense or appeal (including any motion) is frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation, as determined by the court.'
"(Emphasis supplied.)
"The clear terms of § 12-19-271(1) require that for an action, claim, or defense to be `without substantial justification' it must be either `frivolous,' `groundless in fact,' `groundless in law,' `vexatious,' or `interposed for any improper purpose.' We conclude that the terms or phrases `frivolous,' `groundless in fact,' `vexatious,' and `interposed for any improper purpose' require factual determinations that will be entitled to deference on appeal. See, Smith v. Smith, 551 So.2d 1024 (Ala.1989). Thus, if a trial court determines that a party's action, claim, or defense is `without substantial justification,' based on the applicability of any one of these terms or phrases, that determination will not be disturbed on appeal `unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great *831 weight of the evidence.' Cove Creek Development Corp. v. APAC-Alabama, Inc., 588 So.2d 458, 461 (Ala.1991).
"However, we conclude that the phrase `groundless in law' clearly calls for a legal determination. Therefore, if the trial court determines that a party's action, claim, or defense is `without substantial justification' because it is `groundless in law,' that determination will not be entitled to a presumption of correctness. Rather, the appellate courts of this State will test the validity of the trial court's legal conclusion.
"Also, we conclude that the legislature had no intention to chill attorney creativity in making good faith arguments for changes in the law. Trial courts should be exceedingly careful in making a `without substantial justification' finding, so as not to discourage attorneys from creatively arguing for change in the law based on rational, good faith argument.
"Additionally, we will require a trial court making the `without substantial justification' determination to make its determination, the ground or grounds upon which it relies, and the legal or evidentiary support for its determination, a part of the record, either by drafting a separate written order or by having these findings transcribed for the official record. This process will aid the appellate courts of this State during review."
Pacific Enters. Oil Co., 614 So.2d at 417-18.
The supreme court has never discussed the standard of review applicable to the denial of an award of fees under the ALAA. However, this court has indicated that the requirement that the trial court expressly state the reasons behind its decision does not apply to the denial of a motion pursuant to the ALAA, but only to the grant of such a motion. See Brashear v. Spinks, 623 So.2d 321, 323 (Ala.Civ.App. 1993). In Brashear, this court reversed the trial court's denial of an award pursuant to the ALAA and instructed the trial court to make an appropriate award on remand.
Like the denial in Brashear, the denial in this case states no supporting reasons for the trial court's decision. We concluded in Brashear that the record "indisputably support[ed] only the granting of an award under the statute," because the wife had filed a contempt complaint that was based on false allegations. Brashear, 623 So.2d at 323. Likewise, the record in this case requires an award pursuant to the ALAA.
Sanderson compelled arbitration in this case. After the arbitrator decided the case, Sanderson chose to challenge the award in the trial court and on appeal, on the basis that the arbitrator had manifestly disregarded the law governing mental-anguish damages. Although Sanderson argues that it is simply making a good-faith argument in support of a change in Alabama's damages law, it argued in the trial court, and it continues to argue on appeal, that the arbitrator did not have the authority to award mental-anguish damages for any tort claim raised by Smith, while completely disregarding the well-established law that permits the award of mental-anguish damages in breach-of-contract cases involving homes.
Sanderson's argument cannot be labeled a good-faith argument that the law should be changed. Sanderson made the decision to enforce its arbitration agreement; it could not argue to the arbitrator that he should ignore the well-established principle of law allowing for mental-anguish damages in certain breach-of-contract cases. Instead, it argued in the trial court and argues on appeal that the arbitrator ignored the well-established principle that mental-anguish damages cannot be awarded in tort cases unless the claimant is *832 either physically injured or within the zone of danger--a principle of law that, although admittedly well established, does not preclude the arbitrator's award in this case. Such an argument does not advocate a change in the law. The argument is groundless in law. Accordingly, the trial court's order denying Smith's motion for attorney fees pursuant to the ALAA is reversed and the cause is remanded for the trial court to determine an appropriate award.
2000149--AFFIRMED.
2000268--AFFIRMED.
2000535--APPEAL--AFFIRMED.
CROSS-APPEAL--AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur in the result.
MURDOCK, J., concurs specially in part; concurs in the result in part; and dissents in part.
MURDOCK, Judge, concurring specially in part; concurring in the result in part; and dissenting in part.
I concur with Judge Crawley's conclusion that Smith's appeal is timely. I write separately as to this issue to note my understanding that Rule 4(a), Ala. R. App. P., modifies more than just the number of days for appealing an arbitrator's award.
Rule 4(a), Ala. R. App. P., provides, in pertinent part:
"(1) Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala. R. App. P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from ....
"(2) If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days (2 weeks) of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires."
(Emphasis added.) In the case of an arbitrator's award, the "judgment or order appealed from" is the final judgment of the court based on that award, not the award itself. Moss v. Upchurch, 278 Ala. 615, 619, 179 So.2d 741, 744-45 (1965).
While § 6-6-15, Ala. Code 1975, still provides the right of appeal from a judgment based on an arbitrator's award and makes Sanderson's appeal one "permitted by law as of right," the time for taking that appeal has been modified by virtue of and consistent with the above-quoted language in Rule 4(a)(1), Ala. R. App. P. As a result, not only has the time period for an appeal in connection with an arbitration award been expanded from the 10 days provided under § 6-6-15 to 42 days, that time period now begins to run under Rule 4(a)(1) from the date of entry of final judgment by the circuit court based on the arbitrator's award, rather than from the date of receipt of the arbitrator's award as stated in § 6-6-15. Likewise, the provision of Rule 4(a)(2) allowing a notice of cross-appeal within 14 days of the date of a notice of appeal by another party is applicable.
The date of entry of final judgment by the trial court in this case was December 29, 2000; Sanderson filed its notice of appeal on February 6, 2001; and Smith filed notice of his appeal on February 8, 2001. Thus, Smith's appeal was taken within 42 days from the date of entry of final judgment by the trial court on the arbitrator's award, and well within the additional period prescribed by Rule 4(a)(2), Ala. R. App. P., for Smith to file a cross-appeal. Consequently, I agree that Smith's appeal was timely.
*833 With respect to Sanderson's appeal of the arbitrator's award of mental-anguish damages, and the substantive merits of Smith's appeal of the arbitrator's failure to award damages for conversion, I concur in the result reached by Judge Crawley.
Finally, I dissent from the reversal of the trial court's order denying Smith's motion for attorney fees pursuant to the Alabama Litigation Accountability Act ("ALAA"). The "without substantial justification"/"groundless in law" standard noted in Judge Crawley's opinion was not intended to result in the imposition of attorney fees against a party making a reasoned, good-faith argument for a change in, or an expansion of, existing law. In such a case, the "grounds" for the party's argument typically can be said to lie in the established jurisprudence or principle(s) of law from which the party requests a judicial body to derive some favorable, although previously unstated, legal proposition. As our Supreme Court explained in Pacific Enterprises Oil Co. (USA) v. Howell Petroleum Corp., 614 So.2d 409, 418 (Ala. 1993):
"We conclude that the legislature had no intention to chill attorney creativity in making good faith arguments for changes in the law. Trial courts should be exceedingly careful in making a `without substantial justification' finding, so as not to discourage attorneys from creatively arguing for change in the law based on rational, good faith argument."
I do not consider Sanderson's argument regarding mental-anguish damages to be so frivolous as to justify an award of attorney fees under the ALAA.
NOTES
[1] Rule 4, Ala. R. App. P., has modified the time period for appealing from an arbitrator's award from 10 days to 42 days. See discussion, infra, on the timeliness of Smith's appeal.
[2] The arbitrator clearly stated in his award that Smith's attempt to reject the manufactured home was ineffective under § 7-2-602(1), Ala. Code 1975. He also found that the attempted rejection, which was communicated to Green Tree, was not communicated, by Smith or by Green Tree, to Sanderson.